PAMELA ROBERTS *v.* ALEX CATON
(14534)

PETERS, C. J., CALLAHAN, BORDEN, NORCOTT and KATZ, Js.

---

Argued November 4, 1992—decision released February 2, 1993

*Sandra P. Lax,* with whom, on the brief, was *John Bryk,* for the appellant (defendant).

*Ellen Plasil,* for the appellee (plaintiff).

NORCOTT, J. The dispositive issue in this appeal is whether an amendment to General Statutes § 52-577d,

which extends the statute of limitations for a civil action for damages caused by sexual assault of a minor, may be retroactively applied. The plaintiff, Pamela Roberts, brought a civil action for damages against the defendant, Alex Caton, her grandfather, alleging that the defendant had sexually assaulted her from the time she was five years old until she was approximately eleven years old. The trial court granted the plaintiff's application for prejudgment remedies and ordered attachment and garnishment of the defendant's property in the amount of $350,000. The defendant appealed from the order of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We affirm the judgment of the trial court.

The pleadings and the plaintiff's testimony at a prejudgment remedy hearing establish the following facts for the purposes of this appeal.[1] The plaintiff was born on October 15, 1968. Between 1973 and 1979, the defendant coerced the plaintiff to engage repeatedly in various sexual activities with him. As a result, the plaintiff suffered temporary physical injury to her genital area as well as temporary and permanent severe psychological and emotional distress. The psychological injury suffered by the plaintiff has manifested itself in acts of self-mutilation, drug abuse, severe anxiety, anorexia, flashbacks and sleep disturbances. Since 1990, the plaintiff has received psychotherapy on a

[1] This appeal arises out of an order granting the plaintiff's application for prejudgment remedy in the second of two applications relating to an identical complaint and affidavit. The plaintiff's initial application was filed October 10, 1991, and was granted after testimony was heard on November 18, 1991. The plaintiff's complaint, however, was subsequently dismissed without prejudice due to insufficiency of service of process. The plaintiff refiled her application for prejudgment remedies on December 23, 1991, and a hearing was held on January 27, 1992. At this hearing, the parties stipulated to the testimony and orders of the November 18, 1991 hearing.

weekly basis and has seen a psychiatrist on a bimonthly basis to receive medication to alleviate anxiety. The plaintiff's therapist testified that the plaintiff's symptoms were caused by the defendant's sexual abuse of her and that the plaintiff would require at least ten years of intensive therapy to achieve an acceptable state of mental health.

After testimony had been presented, the defendant argued that probable cause for the prejudgment remedy[2] could not be established because the statute of limitations applicable to the plaintiff's action, General Statutes § 52-577d, had already expired. The plaintiff countered that the applicable statute of limitations at the time the plaintiff's application for prejudgment remedies was filed was § 52-577d as amended by No. 91-240 of the 1991 Public Acts, which extended the time period within which actions arising out of sexual abuse of minors may be brought from two years to seventeen years after the minor attains majority. The plaintiff argued, therefore, that probable cause could not be defeated on that ground.[3] The trial court declined to

[2] General Statutes § 52-278d (a) provides that the trial court shall grant the prejudgment remedy applied for if the court, "upon consideration of the facts before it, finds that the plaintiff has shown *probable cause to sustain the validity of his claim* . . . ." (Emphasis added.)

[3] General Statutes (Rev. to 1991) § 52-577d provided that "no action to recover damages for personal injury to a minor . . . caused by . . . sexual assault may be brought by such person later than two years from the date such person attains the age of majority, except that no such action may be brought more than seven years from the date of the act complained of." Number 91-240 of the 1991 Public Acts amended this provision to read that no action arising out of sexual assault of a minor "may be brought by such person later than seventeen years from the date such person attains the age of majority."

At the time the action was commenced, the plaintiff was twenty-three years old. The defendant argued before the trial court that "the statute ran out when the plaintiff obtained the age of twenty."

Before this court, however, the defendant argues that neither § 52-577d (Rev. to 1991) nor § 52-577d as amended by No. 91-240 of the 1991 Public Acts applies to this cause of action. The defendant claims that the only appli-

address the applicability of the amended statute of limitations because it considered the issue to have been raised prematurely.[4] The trial court found that probable cause existed to sustain the validity of the claim and entered an order permitting the plaintiff to attach and garnish the defendant's property in the amount of $350,000.

The defendant claims that, because the statute of limitations had already expired, the trial court improperly found that there was probable cause to enter a prejudgment remedy order. The defendant's arguments center on whether § 52-577d as amended by No. 91-240 of the 1991 Public Acts (hereinafter § 52-577d as amended) may be applied retroactively to the plaintiff's claim for damages relating to acts that occurred, at the latest, in 1979.[5] To summarize, the defendant argues

cable statute of limitations is the general three year tort limitations period established by General Statutes § 52-577. We consider the defendant to have raised generally that there is a defense of statute of limitations to bar the plaintiff's action that would prevent a finding of probable cause on a prejudgment remedy application. The only statute that would permit the plaintiff's claim to go forward is § 52-577d as amended by No. 91-240 of the 1991 Public Acts. Accordingly, our disposition of this matter need consider only whether § 52-577d as amended applies to the plaintiff's cause of action.

[4] In considering whether probable cause is present, the trial court must consider the evidence of both parties because a valid defense may defeat probable cause. As this court noted in *Augeri* v. *C.F. Wooding Co.,* 173 Conn. 426, 429, 378 A.2d 538 (1977), "at a prejudgment remedy hearing a good defense, such as infancy or *the running of the statute of limitations,* will be enough to show that there is no 'probable cause that judgment will be rendered in the matter in favor of the plaintiff.' " (Emphasis added.) The trial court, therefore, improperly failed to address the statute of limitations issue raised at the prejudgment remedy hearing. Our review of the propriety of the trial court's order must necessarily consider the applicability of the statute of limitations to the plaintiff's action.

[5] The defendant makes the following arguments either in his brief or in oral argument before this court: (1) the plaintiff's action is governed by General Statutes § 52-577, the three year limitation period for tort actions; and (2) General Statutes § 52-577d as amended by No. 91-240 of the 1991 Public Acts cannot be applied retroactively to this action because (a) the

that § 52-577d as amended cannot be applied retroactively to the plaintiff's claim. The defendant argues, therefore, that because no other statute of limitations would permit the action, the trial court improperly concluded that there was probable cause to attach the defendant's property. We conclude that § 52-577d as amended applies retroactively to the plaintiff's claim and therefore we affirm the order of the trial court.

We begin our analysis by restating the general proposition that statutes of limitation are presumed to apply retroactively. See *Moore* v. *McNamara,* 201 Conn. 16, 22, 513 A.2d 660 (1986); *Andrulat* v. *Brook Hollow Associates,* 176 Conn. 409, 412–13, 407 A.2d 1017 (1979); *Jones Destruction, Inc.* v. *Upjohn,* 161 Conn. 191, 195–96, 286 A.2d 308 (1971). Although substantive legislation is not generally applied retroactively absent a clearly expressed legislative intent, legislation that affects only matters of procedure "is presumed to [be] applicable to all actions, whether pending or not, in the absence of any expressed intention to the contrary." *Lavieri* v. *Ulysses,* 149 Conn. 396, 401, 180 A.2d 632 (1962); *E.M. Loew's Enterprises, Inc.* v. *International Alliance,* 127 Conn. 415, 418, 17 A.2d 525 (1941). Statutes of limitation are generally considered to be procedural, " 'especially where the statute contains only a limitation as to time with respect to a right of action and does not itself create the right of action . . . .' " (Citation omitted.) *Moore* v. *McNamara,* supra, 22; *Jones Destruction, Inc.* v. *Upjohn,* supra, 195. Therefore, unless specifically tied to a statutory right

statute effected a substantial change in the law by expanding the cause of action for emotional distress, by eliminating parental immunity and by increasing the limitations period by fifteen years, thus expanding the defendant's period of liability substantially, (b) even if the statute is found to be procedural, considerations of good sense and justice dictate that it should not apply retroactively, and (c) retroactive application of § 52-577d as amended contravenes the purpose of statutes of limitation generally.

of action or unless a contrary legislative intent is expressed, the statute of limitations in effect at the time an action is filed governs the timeliness of the claim. See *Andrulat* v. *Brook Hollow Associates,* supra, 413; *Bohun* v. *Kinasz,* 124 Conn. 543, 547, 200 A. 1015 (1938).

The plaintiff attained majority in October, 1986, and she filed this suit in January, 1992. At the time the suit was filed, the governing statute of limitations for a civil action arising out of sexual assault of a minor was § 52-577d as amended, which permits actions to be filed within seventeen years of the minor attaining the age of majority. The statute contains no language that limits the time period in which the limitations period will be effective. Moreover, the legislative history of the statute gives no indication that it was intended to apply prospectively only. Thus, under our ordinary legal presumptions, the plaintiff's action was timely filed. We therefore must now consider whether there is any basis for disregarding this legal presumption.

The defendant argues that § 52-577d as amended cannot be applied retroactively because it creates a substantive change in the law. If a statute gives a right of action that did not exist at common law, the limitations period contained therein is a condition attached to that right; *Diamond National Corporation* v. *Dwelle,* 164 Conn. 540, 543, 325 A.2d 259 (1973); and the entire statute is considered substantive rather than procedural. *Moore* v. *McNamara,* supra, 23. Also, even statutes that in their terms affect matters of procedure will not be given retroactive construction if they bring about a change in substantive rights. *Miano* v. *Thorne,* 218 Conn. 170, 175, 588 A.2d 189 (1991); *State* v. *Lizotte,* 200 Conn. 734, 741, 517 A.2d 610 (1986); *Sherry H.* v. *Probate Court,* 177 Conn. 93, 101–102, 411 A.2d 931 (1979). Therefore, if § 52-577d as amended gave the plaintiff a right of action or imposed liabilities on the

defendant that would not have existed under common law, then the statute created a substantive change in the law and retroactive application would not be warranted. See *Moore* v. *McNamara,* supra, 23–25; *Sherry H.* v. *Probate Court,* supra.

Substantive rights are those that can be identified as existing between the parties at the time the cause of action accrued. *Champagne* v. *Raybestos-Manhattan, Inc.,* 212 Conn. 509, 521, 562 A.2d 1100 (1989). "In Connecticut, a cause of action accrues when a plaintiff suffers actionable harm." Id. The defendant contends that § 52-577d as amended imposed new liabilities because it expanded the cause of action for emotional distress, eliminated parental immunity in cases of sexual assault to a minor, and extended the period of limitations by fifteen years. We address each of these arguments in turn.

First, the defendant argues that the language of § 52-577d as amended that provides "no action to recover damages for personal injury to a minor, including emotional distress . . . may be brought by such person later than seventeen years from the date such person attains the age of majority" expands the common law right of action by failing to require evidence of physical injury as a result of the emotional distress. At the time § 52-577d was originally enacted, however, the common law did not require physical injury resulting from the emotional distress as a prerequisite to a cause of action for unintentionally or negligently inflicted emotional distress. *Morris* v. *Hartford Courant Co.,* 200 Conn. 676, 683, 513 A.2d 66 (1986); *Montinieri* v. *Southern New England Telephone Co.,* 175 Conn. 337, 345, 398 A.2d 1180 (1978); *Whelan* v. *Whelan,* 41 Conn. Sup. 519, 522, 588 A.2d 251 (1991); see also W. Prosser & W. Keeton, Torts (5th Ed. 1984) § 12, p. 64. Moreover, there is no indication in the legislative history of § 52-577d as amended that the legis-

lature intended to expand in any way the common law cause of action for emotional distress. Therefore, we conclude that this argument of the defendant is without merit.

Second, the defendant argues that because the legislature anticipated that § 52-577d as amended would be used in cases of incest, a statutory exception to the doctrine of parental immunity in tort actions was created. Under this doctrine " 'a parent is not liable civilly to his child for personal injury inflicted during [the child's] minority . . . .' " *Dubay* v. *Irish,* 207 Conn. 518, 523, 542 A.2d 711 (1988). Parental immunity has been partially abrogated already by General Statutes § 52-572c, which permits an action by a minor child against a parent for negligence in the operation of a motor vehicle, aircraft or vessel.[6] The defendant argues that the mention of incest in the legislative history of § 52-577d as amended likewise abrogates the doctrine because it indicates a legislative intention that an action be permitted by a minor child against his or her parent.

We do not have before us, and need not decide for the purposes of this case, whether parental immunity would in fact bar an action by a minor child against his or her parent for personal injuries arising out of sexual abuse, sexual assault or sexual exploitation. What is clear is that the plain language of § 52-577d as amended makes no mention of parental immunity being abrogated by its provisions. Furthermore, the legislative history of the statute does not address parental immunity and does not suggest, beyond the nebu-

---

[6] General Statutes § 52-572c provides: "In all actions for negligence in the operation of a motor vehicle, and in all actions accruing on or after October 1, 1979, for negligence in the operation of an aircraft or vessel, as defined in section 15-127, resulting in personal injury, wrongful death or injury to property, the immunity between parent and child in such negligence action brought by a parent against his child or by or on behalf of a child against his parent is abrogated."

lous connotation from reference to incest, that parental immunity is involved in actions seeking damages for sexual assault to minors. We conclude, therefore, that § 52-577d per se does not affect the common law doctrine of parental immunity.

Third, the defendant argues that § 52-577d as amended altered the defendant's substantive rights by expanding the period of liability by fifteen years. By this argument, the defendant suggests that a new liability is imposed by the mere fact that a preexisting liability is no longer barred by the passage of time. This court, however, has never recognized a vested right in the lapsing of a statute of limitations. "Although changes in the statute of limitations may not retroactively bar actions already pending . . . they do govern actions brought subsequent to the effective date of the amended statute." (Citations omitted.) *Andrulat* v. *Brook Hollow Associates*, supra, 412–13. We have consistently interpreted the limitations period to be part of the remedy alone, unless the statute in which the period of limitations is found itself creates the right. *Ecker* v. *West Hartford*, 205 Conn. 219, 231–32, 530 A.2d 1056 (1987); *Moore* v. *McNamara*, supra, 22–23; *Jones Destruction, Inc.* v. *Upjohn*, supra, 195–96. Therefore, the expansion or reduction alone of the period of limitations, if the statute in which the limitations period is fixed does not also create the right of action, does not by itself alter a substantive right. We conclude, therefore, that § 52-577d as amended did not create a substantive change in the law that would preclude its retroactive application.

The defendant finally argues that, even if we find that § 52-577d as amended is procedural, it should not apply retroactively because considerations of good sense and justice dictate otherwise. "[T]he test of whether a statute is to be applied retroactively is not a purely mechanical one and even if it is a procedural statute, which

ordinarily will be applied retroactively without a legislative imperative to the contrary, it will not be applied retroactively if considerations of good sense and justice dictate that it not be so applied." (Internal quotation marks omitted.) *Sherry H.* v. *Probate Court,* supra, 100–101; see also *Carvette* v. *Marion Power Shovel Co.,* 157 Conn. 92, 96, 249 A.2d 58 (1968); *Lavieri* v. *Ulysses,* supra, 401.[7]

The retroactive application of § 52-577d as amended to this case subjects the defendant to a lawsuit for acts that occurred, most recently, thirteen years ago. Although statutes of limitation generally operate to prevent the unexpected enforcement of stale claims; *Lametta* v. *Connecticut Light & Power Co.,* 139 Conn. 218, 221, 92 A.2d 731 (1952); one object of § 52-577d is to afford a plaintiff sufficient time to recall and come to terms with traumatic childhood events before he or she must take action.[8] The defendant's assertion that

[7] Generally this exception will apply where the procedural statute affects substantive rights or obligations. See, e.g., *Sherry H.* v. *Probate Court,* 177 Conn. 93, 100–102, 411 A.2d 931 (1979). We have concluded, however, that General Statutes § 52-577d as amended does not affect substantive rights. We therefore consider only the defendant's remaining policy arguments.

[8] Speaking before the House of Representatives on No. 91-240 of the 1991 Public Acts, Representative Richard D. Tulisano commented: "[T]he main focus of legislation is [sic] before us today and now extended to individuals potentially thirty-five years old is to give an opportunity for a person that has recognized, in most cases these are women, an opportunity to do something for themselves. . . . I think it's good legislation. It brings Connecticut in the forefront and gives individuals an opportunity to help redress their own wrongs." 34 H.R. Proc., Pt. 13, 1991 Sess., pp. 4706–4707.

Before the Senate, Senator Anthony V. Avallone commented: "[W]e had substantial testimony before the Committee that minor victims of sexual assault often do not understand or recognize the damage which they have sustained until a substantial number of years after they attain majority. In fact, it is not just two or three years, but can be substantially longer than that. . . . So the Committee in recognition of that extends the statute of limitations on which one can bring an action." 34 S. Proc., Pt. 7, 1991 Sess., p. 2495.

he is now unexpectedly exposed to liability was an express purpose of the statute. We see no injustice in retroactively applying § 52-577d as amended so as to effect that purpose. We conclude that the trial court properly found probable cause to grant the plaintiff's application for prejudgment remedies.

The prejudgment remedy order is affirmed.

In this opinion the other justices concurred.