[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION ON THIRD PARTY DEFENDANT'S MOTIONFOR SUMMARY JUDGMENT AGAINST THIRD PARTY PLAINTIFF'S AMENDEDTHIRD PARTY COMPLAINT DATED JANUARY 19, 1993]
[FACTS]
The plaintiff in this case seeks damages for injuries sustained on December 14, 1988, when she slipped and fell on an ice covered parking lot owned and controlled by the defendant, New Haven Food Terminal, Inc. On December 3, 1990, plaintiff filed a complaint against the defendant alleging, inter alia, that the defendant was negligent in allowing the parking area to remain covered with ice and snow, failing to remove said ice and snow, and failing to place sand or other abrasive material on the parking area.
On April 7, 1992, the defendant/third-party plaintiff filed a motion to implead Elm City Construction Company (hereinafter "third-party defendant") and a third-party complaint. The court granted the motion to implead on April 20, 1992. The third-party defendant was served on May 12, 1992. The defendant/third-party plaintiff's initial third-party complaint contained two counts: indemnification and breach of contract. On August 11, 1992, the defendant/third-party plaintiff filed a request for leave to amend the third-party complaint to add a count for apportionment of damages under General Statutes § 52-572h. The court did not rule on this request. On August 26, 1992, the third-party defendant filed CT Page 4508 an amended objection to the request for leave to amend the third-party complaint. This objection was withdrawn subject to agreement of the parties on January 19, 1993.
On January 22, 1993, the defendant/third-party plaintiff filed a three count amended third-party complaint. The defendant/third-party plaintiff alleges that at all times pertinent to this action, it had an independent relationship with the third-party defendant consisting of an agreement whereby the third-party defendant removed snow and ice from the parking lot in exchange for consideration from the defendant/third-party plaintiff.
The defendant/third-party plaintiff further claims that upon information and belief, the contractual arrangement it had with the third party defendant was "both oral and written in nature." (Amended Third-Party Complaint, p. 2.) The defendant/third-party plaintiff alleges that the third-party defendant breached this contract by failing to remove the snow and ice, failing to spread abrasive material on the snow and ice and failing to advise or warn the defendant/third-party plaintiff that the lot was not reasonably clear.
The first count of the amended third-party complaint seeks indemnification, in the event the defendant/third-party plaintiff is found to be liable for the plaintiff's injuries. The second count asserts a breach of contract claim. The third count seeks apportionment of fault pursuant to General Statutes § 52-572h.
On July 16, 1993, the third party defendant, Elm City Construction Company, filed a motion for summary judgment as to each count of the third party plaintiff/defendant, New Haven Food Terminal, Inc.'s Amended Third Party Complaint. The motion claims that the three counts of the Amended Third Party Complaint are barred by the applicable statutes of limitation. Oral argument on the third party defendant's motion for summary judgment was heard on January 18, 1994.
[STANDARD]
Summary judgment may be granted where an action was not commenced within the period of the statute of limitations. [Burns v.Hartford Hospital], 192 Conn. 451, 454, 472 A.2d 1257 (1984). Summary judgment can be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, [Connelly v. Housing Authority], 213 Conn. 354, 364, CT Page 4509567 A.2d 1212 (1990), and is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried. [Wilson v. New Haven], 213 Conn. 277, 279, 567 A.2d 829
(1989). In determining whether there is an issue of material fact, the evidence is considered in the light most favorable to the nonmoving party. [Connell v. Colwell], 214 Conn. 242, 246-47,571 A.2d 116 (1990).
[DISCUSSION]
1. [Third-Party Plaintiff's Claim of Indemnification.]
The first count of defendant/third-party plaintiff's amended third-party complaint seeks indemnification from the third-party defendant in the event that defendant/third-party plaintiff is found liable for plaintiff's injuries. The defendant/third-party plaintiff's claim for indemnification is based upon an independent legal relationship between the it and the third-party defendant, and on the negligence of the third-party defendant.
The third-party defendant asserts that the statutes of limitations contained in General Statutes §§ 52-577 and 52-584 bar the defendant/third-party plaintiff's claim for indemnification, thus entitling the third-party defendant to judgment as a matter of law. Section 52-584 provides that,
 No action to recover damages for injury to the person . . . caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained . . . except that no such action may be brought more than three years from the date of the act or omission complained of.
(Emphasis added.) Section 52-577 states that "[n]o action rounded upon a tort shall be brought but within three years from the date of the act or omission complained of." (Emphasis added.)
In support of its motion the third-party defendant relies on [Protter v. Brown Thompson Co.], 25 Conn. App. 360, 593 A.2d 524
(1991). The court in [Protter v. Brown Thompson Co.] held that the limitation period governing defendant's third-party claim for indemnification began to run at the time of the third-party CT Page 4510 defendant's negligent act, and not on the date of potential judgment and resulting demand for payment. In the present case, plaintiff's injury occurred on December 14, 1988, and the third-party defendant was not served until May 12, 1992, more than three years later. Accordingly, the third-party defendant argues that the defendant/third-party plaintiff is barred from asserting a claim for indemnification under either §§ 52-577 or 52-584.
The defendant/third-party plaintiff does not contest the analysis or conclusion of [Protter v. Brown Thompson Co.], supra, but contends that Public Act 93-370 renders that case moot. Public Act 93-370, entitled "Art Act Concerning the Statute of Limitations in Actions for Indemnification . . .," provides that,
 Notwithstanding any provision of chapter 926 of the general statutes, an action for indemnification may be brought within three years from the date of the determination of the action against the party which is seeking indemnification by either judgment or settlement.[1]
The legislative history of Public Act 93-370 indicates that this act is intended to overturn [Protter v. Brown Thompson Co.], supra. Representative Radcliffe stated that,
 [t]here is a serious injustice I think to a potential defendant if we allow the state of law to remain where it is on the basis of this Brown-Thompson case . . . . [The court said] [third-party plaintiff] can't bring that action for indemnification at that time because we're going to construe the statute of limitations as running from the time of the act or omission complained of back more than three years ago, rather than from the date on which you first got notice.
36 H.R. Proc., 3 Pt. 31, 1993 Sess., p. 257. The effective date for Public Act 93-370 is October 1, 1993. General Statutes § 2-32.
 [S]tatutes of limitation are presumed to apply retroactively. Although substantive legislation is not generally applied retroactively CT Page 4511 absent a clearly expressed legislative intent, legislation that affects only matters of procedure is presumed to [be] applicable to all actions, whether pending or not, in the absence of any expressed intention to the contrary. Statutes of limitation are generally considered procedural especially where the statute contains only a limitation as to time with respect to a right of action and does not itself create the right of action. Therefore, unless specifically tied to a statutory right of action or unless a contrary legislative intent is expressed, the statute of limitations in effect at the time an action is filed governs the timeliness of the claim.
(Internal quotation marks omitted; citations omitted.) [Roberts v.Caton], 224 Conn. 483, 488-89, 619 A.2d 844 (1993). The legislative history of Public Act 93-370 gives no indication that it was intended to apply prospectively only, and the act itself contains no language that limits the time period for which the limitations period will be effective. Accordingly, there exists a legal presumption that Public Act 93-370 is to be retroactively applied.
"If a statute gives a right of action that did not exist at common law, the limitations period contained therein is a condition attached to that right and the entire statute is considered substantive rather than procedural." Id., 489. "Also, even statutes that in their terms affect matters of procedure will not be given retroactive construction if they bring about a change in substantive rights." Id. Therefore, if this public act gave the party a right of action or imposed liabilities on the defendant that would not have existed under common law, then the act created a substantive change in the law and retroactive application would not be warranted. Id., 489-90.
A claim for indemnification exists as a common law cause of action. See [Malerba v. Cessna Aircraft Co.], 210 Conn. 189, 198,554 A.2d 287 (1989). Pursuant to the aforementioned legal presumption, Public Act 93-370 should be applied retroactively to the present case, in that the statute of limitations created by Public Act 93-370 is procedural. Thus, the statutes of limitations contained in General Statutes §§ 52-577 and 52-584 do not bar the defendant/third-party plaintiff's claim for indemnification, and CT Page 4512 the third-party defendant's motion for summary judgment as to the first count must be denied.
2. [Breach of Contract.]
The second count of the defendant/third-party plaintiff's amended third-party complaint sets forth a claim for breach of contract. The defendant/third-party plaintiff alleges that the contractual arrangement between it and the third-party defendant was both oral and written in nature. The defendant/third-party plaintiff seeks indemnification, compensatory damages and benefit of the bargain damages.
The third-party defendant states that the defendant/third-party plaintiff's failure to plead the existence of some note or memorandum in writing and signed by the third-party defendant indicates that the breach is of an alleged oral contract. The third-party defendant argues that the three year statute of limitations governing claims on oral contracts, General Statutes § 52-581, bars this count, thus entitling the third-party defendant to summary judgment.
The defendant/third-party plaintiff argues that the allegation of the existence of a written contract is sufficient to avoid summary judgment based upon the statute of limitations for an oral contract. The defendant/third-party plaintiff argues in the alternative that even if the contract is determined to be oral in nature, the six year statute of limitations of General Statutes § 52-576 applies because the contract was executed.
The statute of limitations for a written contract is contained in General Statutes § 52-576 which requires commencement of the action "within six years after the right of action accrues . . . ." General Statutes § 52-581 provides that "[n]o action rounded upon any express contract or agreement which is not reduced to writing, or of which some note or memorandum is not made in writing and signed by the party to be charged therewith or his agent, shall be brought but within three years after the right of action accrues."
 The relationship between these two statutes, 52-581 and 52-576, was analyzed in Tierney v. American Urban Corp., 170 Conn. 243, 249, 365 A.2d 1153 (1976). The three year statute of limitations, 52-581, was CT Page 4513 held to apply only to executory contracts where a plaintiff had not completely performed his part of a contract, whereas the six year statute of limitations, 52-576, applies to executed contracts. In other words, both of these statutes apply to oral contracts but the distinction is between executed and executory contracts.
[Design Coating v. Natural Gas Co.], Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 088318 (June 26, 1991, Lewis, J.). If it cannot be determined from the record whether the plaintiff has fully performed his obligation under the contract or whether the contract was an executory one, summary judgment based upon General Statutes § 52-581 is inappropriate because there is a genuine issue as to whether this statute is applicable. Id., citing [Mac's Car City, Inc. v. DeNigris],18 Conn. App. 525, 530, 559 A.2d 712 (1989). Here, the record does not indicate whether the alleged contract was executory or executed. Accordingly, even assuming, [arguendo], that the contract at issue is oral, summary judgment is not appropriate as to the second count.
3. [Apportionment of Fault.]
The third-party defendant seeks summary judgment on defendant's claim for apportionment on the ground that this count is barred by General Statutes §§ 52-584 and 52-577. The defendant/third-party plaintiff argues that these statutes of limitations are not applicable to a claim for the apportionment of fault between the defendant/third-party plaintiff and third-party defendant.
The defendant/third-party plaintiff brought the third-party defendant into the present case by way of a motion to implead pursuant to General Statutes § 52-102a. Section 52-572h(c) provides for the apportionment of damages among parties. A person is made a party to an action upon service by the plaintiff of a summons and complaint. General Statutes § 52-45a. The service of a summons and third-party complaint, pursuant to § 52-102a, does not confer party status in the original action upon the third-party defendant so served, such that the third-party defendant's negligence would be considered in apportioning liability for damages. [Bank of S.Windsor v. Harlow], 8 CSCR 534 (April 22, 1993, Aurigemma, J.). See CT Page 4514 also [White v. B.J.W. Car Rental], 8 CSCR 565 (May 3, 1993, Sullivan, J.); [Rondeau v. Ritenour], 1 Conn. L. Rptr 413 (March 28, 1990, Spear, J.); and [Aponte v. Johnson], 7 CSCR 1196 (September 14, 1992, Rush, J.). Accordingly, in the present case, the third party defendant's motion for summary judgment must be granted as to count three.
[CONCLUSION]
For the foregoing reasons, the third party defendant Elm City Construction Company's motion for summary judgment as to the third party plaintiff/defendant, New Haven Food Terminal, Inc.'s Amended Third Party Complaint (#148) is denied as to the First and Second Counts, and granted as to the Third Count.
So ordered.
Michael Hartmere, Judge