[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 6953
The matter is before the court on plaintiff's request for a declaratory judgment. The inquiry addressed by plaintiff's motion is whether a provision which restricts occupancy of units in a condominium project to persons fifty-five (55) years of age or older violates the Federal Fair Housing Act, Title42 U.S.C. § 3601 et seq.
The stipulated facts are as follows. On or about February 1, 1973, James larrobino ("larrobino") applied to the Danbury Planning Commission ("Commission") for a special exception and site plan approval as to premises located at 134-136 Deer Hill Avenue, Danbury, Connecticut, in order to construct two separate garden apartment complexes. The first complex, units 1 through 34, would be restricted to occupants fifty-five (55) years of age or older; the second complex, units 35 through 62, would be unrestricted.
At the time larrobino applied for the special exception, Zoning Regulations of the City of Danbury provided that the minimum lot area for garden apartments constructed by private profit-making organizations solely for occupancy by persons aged fifty-five (55) and over would, by special exception, be limited to 600 square feet per dwelling.[1] The minimum lot area per dwelling unit for unrestricted units (units 35-62) was 2,500 square feet.
On May 17, 1973, the Commission approved larrobino's application for a special exception as to the age restricted units allowing larrobino to reduce the minimum lot area required for units 1 through 34 from 2500 square feet to 600 square feet. The Commission also approved the general site plan for both complexes.[2]
On May 16, 1974, after approval by the Commission, the units were redesignated: units 29 through 62 would now be restricted to occupants fifty-five (55) years or older, and units 1 through 28 would be unrestricted.
On or before May, 1976, the unrestricted units (1 through 28) were completed.[3] At the same time, the special exception for the restricted units expired, due to the failure to commence construction. Title to the unrestricted units (with the exception of those units conveyed to others) passed to Danbury Savings and Loan Association, Inc. ("D.S.L."). CT Page 6954
On January 8, 1982, D.S.L. applied to the Commission for a special exception to construct 32 age restricted apartments located in the back of the previously completed unrestricted units[4] "Deer Hill Arms II." On May 19, 1982, the Commission approved D.S.L.'s application for the Deer Hill Arms II elderly housing project ("Deer II").[5]
On or about May, 1987, title to Deer II passed from D.S.L. to Deer Hill Arms II Limited Partnership ("partnership"), and the building was completed about 1989.[6]
On June 1, 1990, the attorney for the partnership addressed a letter to the Danbury Planning Commission advising the Commission that the age restriction on Deer II violates the Federal Fair Housing Act,42 U.S.C. § 3601-3619. The letter also stated that the partnership intended to sell Deer II units without reference in the warranty deeds, as to the age requirement, was discriminatory, and therefore a violation of the Federal Fair Housing Act. (At all relevant times, the plaintiff did not own or have control of any of the units in the complex containing the unrestricted units.)
On December 12, 1990, the partnership (hereinafter "plaintiff") filed a complaint alleging that restricting occupancy of certain condominium units to persons fifty-five (55) years of age or older violates the Federal Fair Housing Act, Title 42 U.S.C. § 3601, et seq.
Specifically, plaintiff alleges that Title 42 U.S.C. § 3604
prohibits discriminatory practices within the context of the sale or rental of a dwelling based on familial status. Plaintiff further alleges that Title 42 U.S.C. § 3607 (b)(1) exempts any provision regarding familial status with respect to housing for the elderly and that 42 U.S.C. § 3607(b)(2)(c) provides that housing for older persons is housing intended and operated for occupancy by at least one person fifty-five (55) years of age or older per unit. Plaintiff alleges that 42 U.S.C. § 3607(b)(2)(c) provides that in determining whether housing qualifies for the Sec. 3607(b)(1) exemption, regulations must be developed which require that at least 80 percent of the units be occupied by at least one person fifty-five (55) years of age or older per unit. Plaintiff alleges that 31 units, or approximately 49 percent of the Deer Hill Arms project, contain no provision regarding occupancy by at least one person fifty-five (55) years of age or older per unit. Therefore, plaintiff alleges that the provision of the Danbury Planning Commission's (hereinafter "defendant") approval restricting occupancy of approximately 51 percent of the CT Page 6955 units in the project to persons fifty-five (55) years of age or older violates the Federal Fair Housing Act ("FHA"). The plaintiff seeks an order declaring invalid and void as against federal law the restriction that occupancy of 32 units must be by persons fifty-five (55) years of age or older.
"A declaratory judgment action is a special proceeding under General Statutes, Secs. 52-29 that is implemented by Secs. 389 and 390 of the Practice Book." Rhodes v. Hartford, 201 Conn. 89,92, 513 A.2d 124 (1986). There must be an issue in dispute or uncertainty of legal relations which requires settlement between the parties. Doublewal Corporation v. Toffolon, 195 Conn. 384,391-92, 488 A.2d 444 (1985). Further, the pleadings must be closed before declaratory judgments can be granted. Id., 391-93.
"In 1968, Congress enacted the Fair Housing Act of 1968 as Title VIII of the Civil Rights Act. [Citations omitted.] The purpose of the Act was to establish a clear national policy against discrimination in housing. As originally enacted, the Fair Housing Act included as protected classes persons discriminated against on the basis of race, color, religion, sex or national origin." Woodside Villagev. Hertzmark, 8 CSCR 801 (June 22, 1993, Holzberg, J.). "The FHA provides a private right of action to one who claims infringement of section 2604 rights." See Secs. 3610, 3612(a)(b). Soules v. U.S.Dept. of Housing Urban Development, 967 F.2d 817, 821 (2d Cir. 1992). 42 U.S.C. § 3604 provides, in part, that "it shall be unlawful (b) [t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin."
42 U.S.C. § 3607 provides:
 (b)(1) Nothing in this title limits the applicability of any reasonable local, State, or Federal restrictions regarding the maximum number of occupants permitted to occupy a dwelling. Nor does any provision in this title regarding familial status apply with respect to housing for older persons.
 (2) As used in this section, `housing for older persons' means housing —
 (A) provided under any State or Federal program that the Secretary determines is specifically designed and operated to CT Page 6956 assist elderly persons (as defined in the State or Federal program); or
 (B) intended for, and solely occupied by, persons 62 years of age or older; or
 (C) intended and operated for occupancy by at least one person 55 years of age or older per unit. In determining whether housing qualifies as housing for older persons under this subsection, the Secretary shall develop regulations which require at least the following factors:
 (i) the existence of significant facilities and services specifically designed to meet the physical or social needs of older persons, or if the provision of such facilities and services is not practicable, that such housing is necessary to provide important housing opportunities for older persons; and
 (ii) that at least 80 percent of the units are occupied by at least one person 55 years of age or older per unit; and an intent by the owner or manager to provide housing for persons 55 years of age or older.
42 U.S.C. § 3602(k) defines "familial status" as "one or more individuals (who have not attained the age of 18 years) being domiciled with — (1) a parent or another person having legal custody of such individual or individuals; or (2) the designee of such parent or other person having such custody, with the written permission of such parent or other person."
The plaintiff partnership argues that the Deer II project fails to comport with the Sec. 3607 exemption in two respects: (1) only 50.79 percent of the units at the Deer II condominium are subject to the fifty-five (55) years of age or older age restriction, and (2) the "80 percent rule" as contained in (b)(2)(c)(ii) need not be reached by the court because, according to the partnership, the Deer II project does not satisfy the initial requirement that the project contain "significant facilities and services specifically designed to meet the physical or social needs of older persons. . . ." (Section 3607(b)(2)(c)(i).)
The defendant Commission advances four arguments in support of its position that the fifty-five (55) years of age or older restriction does not violate provisions of the FHA. The Commission postulates CT Page 6957 that: (1) the site plan approval for the unrestricted complex and the original special exception approval for restricted complex occurred in 1973, with later approval of the special exception for Deer II occurring in 1982. Since the prohibition against discrimination on the basis of familial status was not effectuated until March of 1989, the amendments do not apply retroactively to prohibit alleged discriminatory conduct occurring before their enactment; (2) Deer II exceeds the 80 percent threshold requirement imposed by the fifty-five (55) or older exemption; (3) since the condominium association and not the special exception dictated the form of ownership of the Deer II project, any violation of the FHA caused by the fact that the unit owners in the restricted building would be part of a condominium to which the unit owners in the unrestricted complex would also belong was not the result of any Commission action; and (4) the plaintiff has an available form of redress which precludes the entry of a declaratory judgment.
In its reply brief, defendant argues that there is nothing in the 1988 FHA amendments to suggest that they should apply retroactively to prohibit alleged discriminatory conduct which took place before their enactment.
Comments regarding whether the 1988 amendments to the FHA can be applied retroactively can be found in 24 C.F.R. Ch. 1, Subch. A, App. 1, p. 949 (April 1, 1993), wherein it is stated that:
 Commenters argued that the final rules must be revised to provide retroactive application of the Act's new remedies and enforcement procedures to all complaints pending on March 12, 1989, including those that do not involve continuing violations. Other commenters argued that the regulations should not apply to any complaints filed under part 105 prior to March 12, 1989.
 HUD has reviewed its determination regarding the applicability of the 1988 Amendments. Upon reconsideration, HUD believes that the proposed rules unduly restrict the cases to which the new remedies under the 1988 Amendments will be applied. It is clear that Congress did not intend the Act to receive the restricted application proposed by HUD. Significantly, the plain language of section 815 places no limitation upon its applicability, but rather provides: `This Act and the amendments made by this Act shall take effect on the 180th day beginning after the date of enactment of the Act.' At no point does the Act suggest that its provisions should receive less than the broadest application of the effective date provision. CT Page 6958
 The general rule of statutory construction is that remedial and procedural legislation not affecting vested rights must be applied to any claim cognizable under the prior law that is pending on the effective date or that is filed thereafter. Bradley v. Richmond School Board, 416 U.S. 696 715-16 (1974). While it is true that statutes that affect substantive rights ordinarily may not be applied retroactively, United States v. Security Industrial Bank, 459 U.S. 70, 79 (1982), this principle has no applicability here. The 1988 Amendments (except as to discriminatory housing practices involving handicap and familial status) do not create new legal duties or responsibilities. Rather, they merely provide a new process by which aggrieved persons may enforce existing rights protected under title VIII, i.e., the 1988 Amendments create new procedures for the filing, investigation and conciliation of complaints concerning discriminatory housing practices and strengthen the remedies available to victims of housing discrimination by providing for administrative hearings, and by increasing the availability of civil penalties, attorney's fees, etc. Because the new remedies and enforcement procedures do not affect vested rights, retroactive application is entirely appropriate, unless a manifest injustice would result.
Exempting discriminatory housing practices involving familial status from those portions of the 1988 amendments which do not create new legal duties or responsibilities indicates a determination on behalf of the Office of the Assistant Secretary of Housing and Urban Development (HUD) that the "housing for older persons" exemption is not to be applied retrospectively. In addition, cases at the Federal level have held that those portions of the 1988 amendments addressing familial status have no retrospective effect. See Seniors CivilLiberties Ass'n, Inc. v. Kemp, 965 F.2d 1030 (11th Cir. 1992).
It is a general rule of statutory construction that substantive legislation should not apply retroactively absent a clearly expressed legislative intent. Roberts v. Caton, 224 Conn. 483, 488,619 A.2d 844 (1933); General Statutes, Sec. 55-3.0[7] Since there is no clearly expressed intent in the plain language of Sec. 3607 that it be applied retrospectively, Sec. 3607 would, in any event, be inapplicable to the facts of the present case.
Plaintiff cites the companion cases of Oronoque ForestCondominium Association, Inc. v. Henry M. Rothberg, Et al. and OronoqueForest Condominium Association, Inc. v. Henry B. Rothberg, Tr., EtCT Page 6959al., 4 CSCR 249 (Meadow, J.), in reply to the defendant's argument that the 1988 amendment should not be applied retrospectively.Oronoque Forest was a case of first impression involving a motion to strike a complaint and a prayer for relief for a mandatory injunction where a condominium association sought to enjoin underage persons from residing in two units in violation of association rules. Plaintiff postulates that in granting the defendant's motion to strike in Oronoque Forest, Judge Meadow noted that the family status protection would, as of the effective date of the 1988 amendments, render the condominium association's prohibition against children under seventeen (17) years invalid. The plaintiff also argues that Judge Meadow noted no exemption from compliance with the antidiscriminatory provisions of the FHA. Plaintiff's reliance on Oronoque Forest, when compared to the facts of the present case, is misplaced. Oronoque Forest involved that provision of the federal housing law prohibiting discrimination against persons under eighteen (18) within the context of a condominium declaration placing an occupancy restriction on units whereby a child must be over the age of seventeen (17) in order to reside in a unit with a person age thirty-five (35) or older. At issue in the present case is the retroactivity of an exemption provision with respect to housing for older persons and not a federal prohibition against children under seventeen (17) years of age.
In the present case, the Commission approved the special exception for the restricted units and the site plan for both complexes on May 12, 1973. (Stipulation of Facts dated January 31, 1994, par. 4.) The later approval of the special exception for Deer II came on May 19, 1982. (Stipulation of Facts dated January 31, 1994, par. 10.) The 1988 amendment to the FHA prohibiting discrimination on the basis of familial status became effective March 12, 1989; U.S. v. Southern Management Corp. ,955 F.2d 914, 918 n. 2 (4th Cir. 1992), and is not to be applied retrospectively. Seniors Civil Liberties Ass'n., Inc. v.Kemp, supra, 1035 n. 7. Therefore, the restriction that occupancy of the 32 restricted units must be by persons fifty-five (55) years of age or older is not invalid and void as against federal law because 42 U.S.C. § 3607(b)(2)(c) is not applicable to the of this case.