[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
This is an action on a demand note against the maker and the guarantor. The defendants have filed an answer and nine special defenses. They allege in their special defenses that this action is barred by the statute of limitations, General Statutes § 42a-3-122, and also raise issues of modification, waiver, estoppel, violation of the implied duty of good faith and fair dealing, violation of CUTPA, breach of contract, legal insufficiency, and laches.
The plaintiff filed this motion for summary judgment, a memorandum of law and supporting affidavits. The defendants have filed a memorandum in opposition, and counter-affidavits.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Water and WayProperties v. Colt's Manufacturing Co., 230 Conn. 660, 664,646 A.2d 143 (1994). "`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.'" Haesche v.Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Id. "It is not enough, however, for the opposing party merely to assert the existence of such an issue. CT Page 2994 Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Water and WayProperties v. Colt's Manufacturing Co., supra, 230 Conn. 665.
The plaintiff, as assignee of the FDIC, argues that it is entitled to collect on the note from the defendant, Mr. Travel Inc, (Mr. Travel) as the maker of the note, and from the defendant Anthony Burns as guarantor. The plaintiff further argues that the statute of limitations in effect when the action commenced does not bar the action, and under the former statute would have been tolled by Mr. Travel's partial payments. The plaintiff also argues that the D'Oench Duhme doctrine precludes the defendants' second through seventh special defenses which are based on a side agreement; that it has stated a legally sufficient claim; and that there is no factual basis to support a defense of laches.
The defendants contend that there are questions of material fact regarding modification to a term obligation; waiver and estoppel by Merchants Bank as the original lender, the FDIC as receiver, and the plaintiff as assignee; the balance due; wrongful actions of the plaintiff in coercing the defendants to refinance at an unreasonable interest rate, and submitting a negative credit report; and reasonable attorney's fees.
Regarding the statute of limitations, the plaintiff argues that General Statutes § 42a-3-118(b), which was in effect when this action was commenced, governs this action, while the defendant argues that General Statutes § 42a-3-122(1) is controlling as it was in effect when the note was executed. The plaintiff also argues that even if § 42a-3-122(1) governs, it was tolled by the partial payments of the defendant.
General Statutes § 42a-3-122(1), repealed in 1991, provided that a cause of action on a demand instrument accrues upon its date or on the date of issue. General Statutes § 42a-3-118(b) provides that an action to enforce a demand note must be commenced within six years after the demand. The Supreme Court stated in Roberts v.Caton, 224 Conn. 483, 619 A.2d 844 (1993) that "[a]lthough substantive legislation is not generally applied retroactively absent a clearly expressed legislative intent, legislation that affects only matters of procedure is presumed to [be] applicable to all actions, whether pending or not, in the absence of any expressed intention to the contrary. . . . Statutes of limitation CT Page 2995 are generally considered to be procedural, especially where the statute contains only a limitation as to time with respect to a right of action and does not itself create the right of action. . . . Therefore, unless specifically tied to a statutory right of action or unless a contrary legislative intent is expressed, the statute of limitations in effect at the time an action is filed governs the timeliness of the claim." (Citations omitted; internal quotation marks omitted.) Id., 488-89.
Section 42a-3-118(b) does not specifically create a cause of action but merely limits the time in which that action can be brought, nor does it express any intent of the legislature that it should only be applied prospectively. Therefore, § 42a-3-118(b) is the statute of limitations governing this action, and, as the demand was made on the defendant in 1993, this action was filed within the statutory period of six years after demand. Because § 42a-3-118(b) is the governing statute, the court need not determine whether Mr. Travel's partial payments tolled § 42a-3-1122(1).
The plaintiff also argues that the defendant's special defenses which are based upon allegations of a modification of the demand note to a term obligation are barred by the D'Oench Duhme
doctrine. See D'Oench, Duhme Co. v. Federal Deposit Ins. Corp.,315 U.S. 447 (1941). The defendants argue that those special defenses are based upon the FDIC's ratification of that modification and, therefore, do not fall under D'Oench Duhme.
"The D'Oench Duhme doctrine has been recognized and consistently applied by the courts to bar defenses, claims and counterclaims asserted against the FDIC which are premised on unrecorded agreements or implied agreements based on representations between a bank and its customers which alter the express terms of official bank records." Merchants Bank Trust v.Woodlake, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 279992 (January 28, 1994, Moran, J.). Furthermore, "[t]he protections extended to the FDIC as the acquirer of the assets of a failed bank in D'Oench have been held also to apply to banks that obtain the assets of the failed bank through the purchase and assumption of agreements with the FDIC."First Federal Bank v. Realty Capitol Assoc., Superior Court, Judicial District of New Haven at New Haven, Docket No. 304321 (December 9, 1993, Hodgson, J.).
The defendants' special defenses are primarily based upon their contention that the monthly payments made since 1984 CT Page 2996 constituted a modification of the demand note to a term note, and that the FDIC's acceptance of these payments constituted a ratification of this modification. The defendants' allegations regarding modification may well be precluded under D'Oench Duhme, however, there remain questions of material fact relating to the defendants' special defenses raising the implied covenant of good faith and fair dealing, CUTPA, and laches.
In addition to the alleged modification, the defendants base their special defenses of CUTPA and the implied covenant of good faith and fair dealing upon the actions of the plaintiff, to which Burns attests, in attempting to coerce the defendants to refinance at a higher rate of interest, and threatening to impose a higher rate of default interest that is not provided for in the note.
The question of whether these actions violate the implied covenant of good faith and fair dealing and CUTPA is a question of material fact and, therefore, not appropriately decided on a motion for summary judgment.
Moreover, the defendants have alleged that laches bars the plaintiff's action because the note was executed in 1984 and demand was not made until 1993. The plaintiff maintains that it made demand on the note four months after it acquired the note, and, therefore, their claim is not barred by laches.
"Laches consists of an inexcusable delay which prejudices the defendant. . . . First, there must have been a delay that was inexcusable, and, second, that delay must have prejudiced the defendant. . . . A conclusion by the trial court that a party has been guilty of laches is one of fact for the trier . . . unless the subordinate facts found make such a conclusion inevitable as a matter of law." (Citations omitted; internal quotation marks omitted.)Farmers Mechanics Savings Bank v. Sullivan, 216 Conn. 341,350, 579 A.2d 1054 (1990).
Burns attests that he relied on the bank's conduct, in not making demand on the note while Mr. Travel made monthly payments of principal and interest, by not maintaining the amount needed to pay the amount due on demand, and by not seeking refinancing. There remain genuine issues of material fact as to whether there was an inexcusable delay, and whether the defendants were prejudiced by the delay.
Accordingly, as there are genuine issues of material fact as CT Page 2997 to the defendants' special defenses of the implied covenant of good faith and fair dealing, CUTPA, and laches, the plaintiff's motion for summary judgment is denied.
D'ANDREA, J.