[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The third-party plaintiff, Town of Greenwich (Greenwich), filed a complaint against the third-party defendants, Roger H. Lourie and Devin-Adair Co., seeking indemnification. Greenwich alleges in this third-party complaint that if it is liable to the plaintiff, Georgeann Svorka, for the injuries she allegedly CT Page 12658 suffered from falling on a sidewalk covered with ice and snow, that liability arises vicariously from the negligence of the third-party defendants who exercised control over that sidewalk. The third-party defendants filed a motion for summary judgment on the third-party complaint on the ground that the action is barred by the statute of limitations. This motion was granted by this court in a memorandum of decision dated June 24, 1993.
On March 8, 1994, Greenwich again filed a third-party complaint against the third-party defendants seeking indemnification. The third-party defendants have now filed a second motion for summary judgment (#148) relating to the third-party complaint on the ground of res judicata.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Barrett v. DanburyHospital, 232 Conn. 242, 250, 654 A.2d 748 (1995). "`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.'" Haesche v. Kissner, 229 Conn. 213, 217,640 A.2d 89 (1994). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Id. "It is not enough, however, for the opposing party merely to assert the existence of such an issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Water and Way Properties v. Colt'sManufacturing Co., 230 Conn. 660, 665, 646 A.2d 143 (1994).
The third-party defendants argue that the judgment of June 24, 1993, which was based upon the statute of limitations, is a judgment on the merits, and therefore, that this action is barred by the doctrine of res judicata. Greenwich maintains that because Public Act 93-370, now General Statutes § 52-598a, changed the statute of limitations for indemnification, the previous ruling did not address this statute, which is claimed to apply retroactively.
"Under the doctrine of res judicata, or claim preclusion, a CT Page 12659 former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which mighthave been offered for that purpose." (Emphasis in original; internal quotation marks omitted.) DeMilo Co. v. Commissioner ofMotor Vehicles, 233 Conn. 281, 292, 659 A.2d 162 (1995). Furthermore, the general rule is that a judgment rendered on the ground of the statute of limitations is considered a judgment on the merits, and therefore precludes relitigation under the doctrine of res judicata. Tucker v. Crikelair, 4 Conn. App. 150, 151,493 A.2d 247, cert. denied, 196 Conn. 813, 494 A.2d 907 (1985).
Although the judgment rendered on June 24, 1993 was rendered on the tort statute of limitations, General Statutes § 52-577, it did not consider the statute of limitations on actions for indemnification, General Statutes § 52-598a, which had not yet been enacted, as Public Act 93-370, by the General Assembly. General Statutes § 52-598a provides that "an action for indemnification may be brought within three years from the date of the determination of the action against the party which is seeking indemnification by either judgment or settlement." Moreover, "statutes of limitation are presumed to apply retroactively." Roberts v. Caton, 224 Conn. 483,488, 619 A.2d 844 (1993). The third-party defendants argue, citing Roberts v. Caton, supra, 224 Conn. 489, that statutes regarding matters of procedure will not be given retroactive effect if they change substantive rights. The court also stated, however, that it "has never recognized a vested right in the lapsing of a statute of limitations. . . . We have consistently interpreted the limitations period to be part of the remedy alone, unless the statute in which the period of limitations is found itself creates the right." (Citation omitted.) Id., 492.
While no Connecticut court has determined the issue of whether the doctrine of res judicata precludes the retroactive application of newly enacted statute of limitations, the issue has been decided in New York. In Meegan v. Donald T., 64 N.Y.2d 751, 485 N.Y.S.2d 982,983, 475 N.E.2d 449 (1984), the court noted that, as in Connecticut, "a dismissal based on the Statute of Limitations is considered to be `on the merits,'" however, the issue determined was timeliness under the statute of limitations as it existed at the time of judgment, not under the amended law. The court further stated that "[t]he earlier decision may be a conclusive adjudication of the petitioner's rights, existing then; it cannot be adjudication of rights thereafter conferred by law, or bar a new CT Page 12660 proceeding to vindicate new rights." (Internal quotation marks omitted.) Id.; see also Burdick v. Afrimet-Indussa Inc.,525 N.Y.S.2d 542, 547-48 (N.Y.Sup.Ct. 1988).
The New York cases which have determined this issue are persuasive. Since the statute of limitations governing indemnification actions had not yet been enacted, it was not a matter which "might have been offered" to sustain the claim. SeeDeMilo Co. v. Commissioner of Motor Vehicles, supra, 233 Conn. 292. Therefore, the third-party plaintiff's indemnification action is not barred by the doctrine of res judicata.
The third-party defendants also contend that they are not liable for indemnification because under the highway defect act, General Statutes § 13a-149, a municipality cannot seek indemnification against a third party, and because they owe no duty under § 11-7 of the Greenwich Municipal Code.
This court has previously recognized that there is a split of authority in the Superior Court as to whether a municipality may seek indemnification from a third-party in a highway defect action. This court, however, determined that such an action is possible under the language of the statute. Weiss v. Greenwich HousingAuthority, 9 CSCR 139 (January 20, 1994) (Lewis, J.)
Although Greenwich has stated a cause of action in indemnification, as was noted in the memorandum of decision dated June 24, 1993, "[a]n abutting landowner, in the absence of statute or ordinance, ordinarily is under no duty to keep the public sidewalk in front of his property in a reasonably safe condition for travel." Wilson v. New Haven, 213 Conn. 277, 280, 567 A.2d 829
(1989). The Greenwich Municipal Code § 11-7 provides that:
"(a) All owners, tenants and occupants of land or buildings adjoining which there has been constructed a sidewalk shall at all times keep the sidewalk free from snow and ice.
(b) All snow and ice shall be removed as soon as possible and not later than eighteen (18) hours after the fall of the snow or the formation of the ice.
(c) All sidewalks upon which there shall be any snow and/or ice shall be kept in a safe condition by spreading thereon sand, ashes, salt or other similar material. CT Page 12661
(d) Any person who fails to comply with the provisions of this section shall be fined twenty-five dollars ($25.) and shall reimburse the town for the expense of removal and or expense of keeping the sidewalk in a safe condition."
The Greenwich Municipal Code clearly imposes upon the third-party defendants a duty to remove snow and ice from the abutting sidewalk. Nevertheless, "[t]he decided weight of authority is that no liability to travelers or the city for injuries results from failure to comply with [a duty imposed by] . . . statute or ordinance." Willoughby v. New Haven, 123 Conn. 446, 453-54,197 A. 85 (1937). "Abutting landowners have only been held liable for injuries from defective sidewalks where under charter provisions they were not only charged with the duty of keeping sidewalks in repair but also expressly made liable for injuries occasioned by defective condition thereof." Id. "Even where the property owner fails to comply with the provisions of such an ordinance to keep the sidewalk in a safe condition that alone is not sufficient to make the owner liable for injuries sustained by his or her failure to perform that duty. The abutting property owner's duty under such an ordinance . . . `is one owed to the city . . . the ordinance cannot cast upon the property owner liability to a traveler upon the highway for failure to perform that duty.'"Santana v. City of Hartford, 11 Conn. L. Rptr. 255 (April 6, 1994) (Corradino, J.).
Furthermore, "[i]t is a general rule of construction of statutes or ordinances which impose upon property owners the performance of part of the duty of a municipality to the public that a legislative intent is indicated, unless it is plainly expressed otherwise, that a breach thereof shall be remediable only by the municipal government or by enforcement of a penalty prescribed therein, and that there is no right of action to an individual citizen specially injured in consequence of such breach. `The most conspicuous cases of this sort are those that deny liability to private suit for violation of the duty imposed by ordinance upon abutting property owners to maintain sidewalk pavements or to remove ice and snow from the walks.'" Willoughbyv. New Haven, supra, 123 Conn. 454. See also Kulmann v. Borough ofNaugatuck, Judicial District of Waterbury, Docket No. 117446 (April 28, 1994) (Sullivan, J.); MacArthur v. Town of Suffield,11 Conn. L. Rptr. 176 (March 8, 1994) (Hennessey, J.); Bourque v. Town ofEnfield, 10 Conn. L. Rptr. 574 (January 5, 1994) (Wagner, J.);Gabardella v. Kaoud, Superior Court, Judicial District of New Haven, Docket No. 296492 (December 27, 1993) (Gray, J.); Agosto v.CT Page 12662City of Bridgeport, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 256608 (December 18, 1990) (Flynn, J.). Furthermore, in Scollin v. City Town of Shelton,8 Conn. L. Rptr. 544 (March 29, 1993) (Jones, J.), in which the city sought indemnification for a highway defect claim from the abutting landowner, the court determined that without language in the ordinance imposing liability, or any positive act by the abutting landowner creating the hazardous condition, liability may not be shifted from the municipality.
The language of § 11-7 of the Greenwich Municipal Code does not impose liability on abutting landowners for injuries to passers-by due to icy or snow-covered sidewalks. Moreover, Greenwich has not alleged any positive act by the third-party defendants creating a hazardous condition. Accordingly, the third-party defendants' motion for summary judgment is granted.
So Ordered.
Dated at Stamford, Connecticut this 3rd day of November, 1995
WILLIAM BURKE LEWIS, JUDGE