[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 111)
Before the court is the defendant's motion for summary judgment. On January 12, 1981, the plaintiff, Peter Niedzwiecki, obtained a judgment for $621 in small claims court against the defendant, James Halligan. The plaintiff has yet to collect on the judgment. The plaintiff brought this action upon the underlying judgment on December 22, 1995,[1] seeking judgment in the amount of $1484.58 ($621 plus interest), and costs. The defendant filed an answer in which he asserts, inter alia, that the action is barred by the applicable statute of limitations.
The defendant filed a motion for summary judgment on January 17, 2001.[2] He asserts that the plaintiff's action is barred by the applicable statute of limitations, General Statutes §52-598 and that he is therefore entitled to judgment as a matter of law. On March 30, 2001, the plaintiff filed an objection to the defendant's motion for summary judgment in which he asserts that CT Page 11400 his action was timely filed pursuant to § 52-598 (b), as amended by Public Acts 1984, No. 84-317 (P.A. 84-317)
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party.
. . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . ." (Citations omitted; internal quotation marks omitted.) Appletonv. Board of Education, 254 Conn. 205, 209,757 A.2d 1059 (2000).
"A defendant's motion for summary judgment is properly granted if it raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact" Perille v.Raybestos-Manhatten-Europe, Inc., 196 Conn. 529, 543, 494 A.2d 555
(1985). "Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800, 806, 679 A.2d 945
(1996). Summary judgment is appropriate on statute of limitation grounds when the "material facts concerning the statute of limitations [are] not in dispute. . . ." Burns v. Hartford Hospital, 192 Conn. 451, 452,472 A.2d 1257 (1984).
The defendant argues that although General Statutes § 52-598 (b) currently provides that "no action based upon a [judgment for money damages rendered in a small claims session] may be instituted after the expiration of fifteen years for the date the judgment was entered;"[3]
on January 12, 1981, the date the underlying small claims judgment entered for the plaintiff, § 52-598 provided that such actions must be brought within ten years of the date of judgment.[4] Furthermore, he contends that the previous version of § 52-598 is applicable to the plaintiff's present action and that the action is therefore time barred because the plaintiff did not bring the action until December, 1995. In opposition, the plaintiff points out that the applicable limitations period was extended from ten years to fifteen years when § 52-598 was amended by P.A. 84-317. He argues that the enlarged time period should be applied retroactively, and therefore, his present action was timely brought.
In Connecticut, "the general proposition [is] that statutes of limitation are presumed to apply retroactively. . . . Although CT Page 11401 substantive legislation is not generally applied retroactively absent a clear expressed legislative intent, legislation that affects only matters of procedure is presumed to [be] applicable to all actions, whether pending or not, in the absence of any expressed intention to the contrary. . . . Statutes of limitation are generally considered to be procedural, especially where the statute contains only a limitation as to time with respect to a right of action and does not itself create the right of action. . . . Therefore, unless specifically tied to a statutory right of action or unless a contrary legislative intent is expressed, the statute of limitations in effect at the time an action is filed "governs the timeliness of the claim." (Citations omitted; internal quotation marks omitted.) Roberts v. Caton, 224 Conn. 483, 488-89, 619 A.2d 844
(1993).
Neither party provided the court with the legislative history or any other evidence indicating that the legislature, in amending § 52-598, intended that the enlarged time period should not be applied retroactively; however, the court reviewed P.A. 84-317 and its legislative history and found nothing to indicate that the legislature intended that the amended limitations period should not be applied retroactively. Furthermore, § 52-598 (b) contains only limitations as to time and does not itself create a right of action. Therefore §52-598 (b) is a procedural statute and, as amended by P.A. 84-317, it applies retroactively and governs the plaintiff's action.
Accordingly, the plaintiff's action is not barred by the applicable statute of limitations and the defendant's motion for summary judgment is denied.
SKOLNICK, J.