[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Shore moves for summary judgment on Gunnoud's complaint arguing that, as plaintiff's employer, Gunnoud's action is barred by the Product Liability Act, General Statutes 52-572m
et seq., and more specifically General Statutes 52-572r. Gunnoud argues that plaintiff's claim is not a product liability claim, and therefore Gunnoud cannot be barred by General Statutes 52-572r. Even if plaintiff's claim is considered a product liability claim, Gunnoud contends that P.A. 93-228, which repealed General Statutes 52-572r, should be applied to this action.
It is axiomatic that the Product Liability Act is the exclusive remedy for claims falling within its scope. Winslow v. Lewis-Shepard, Inc., 212 Conn. 462, 469-471 (1989). A product liability claim "includes all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of any product." (Emphasis added.) General Statutes 52-572m(b). Gunnoud asserts that plaintiff's cause of action is simply a negligence action and not a product liability claim. All of plaintiff's allegations of negligence, however, fall within the highlighted portions of the above statute. Plaintiff's complaint cannot, therefore, be viewed as anything other than a product liability claim. See Fica v. Palace Aids, Inc., 5 Conn. L. Rptr. 822 (January 9, CT Page 9704 1992, Murray, J.) (although plaintiff attempted to characterize complaint as breach of contract and not product liability, court held claim to fall within Product Liability Act); General Statutes 52-572n(a) (product liability claims include actions of negligence).
General Statutes 52-572r(c) states that "an employer . . . shall [not] have any lien upon any judgment received in a product liability claim, or any right of subrogation if the claim against the third party is a product liability claim." Thus, because plaintiff's claim falls within the scope of the Product Liability Act, Gunnoud's claim, as plaintiff's employer, would ordinarily be barred by this section.
This section of the statutes was repealed by P.A. 93-228. Gunnoud maintains that this repeal should be applied retroactively, as it is simply a procedural change, thus allowing its intervention in this action. Shore argues that this change is a substantive change, not simply a procedural change, and therefore cannot be applied retroactively.
As a general proposition, legislation which effects changes in matters of procedure "is presumed to be applicable to all actions, whether pending or not, in the absence of any expressed intention to the contrary." (Citations omitted.) Roberts v. Caton, 224 Conn. 483, 488 (1993). But "statutes affecting substantive rights shall apply prospectively only" unless "the legislature clearly and unequivocally expresses its intent that the legislation shall apply retrospectively." (Citations omitted; internal quotation marks omitted.) Miano v. Thorne,218 Conn. 170, 175 (1991). "Also, even statutes that in their terms affect matters of procedure will not be given retroactive construction if they bring about a change in substantive rights." Roberts, supra, 489.
The repeal of General Statutes 52-572r, although procedural in nature, i.e. determining who can and cannot intervene in a certain action, also affects substantive rights. General Statutes 52-572r(b) provides that the amount of any verdict received by the plaintiff against a third party shall be reduced by an amount equal to that which he received as workers compensation benefits. The practical effect is that the defendant is entitled to a credit for this amount, thus preventing a double recovery for the same injury by the plaintiff. If, for example, the verdict is $100,000 and the CT Page 9705 plaintiff had received $50,000 in workers compensation benefits, under 52-572r(b), the defendant would only be liable for $50,000. The repeal of 52-572r, however, changes this result.
Without this section, the employer would be allowed to intervene in the employee's product liability action just as in any other action, pursuant to General Statutes 31-293. In the example above, the defendant would be liable for the full $100,000, either by paying $100,000 to the plaintiff who would then be obligated to the employer for $50,000, or by paying $50,000 to the plaintiff and $50,000 to the employer. This change, therefore, places a new burden on the defendant. If a change in the law imposes new liabilities on a defendant, "then the statute created a substantive change in the law and retroactive application would not be warranted." Roberts, supra, 490. Fulco v. Norwich Roman Catholic Diocesan Corp.,27 Conn. App. 800, 804 (1992) ("statutes affecting substantive rights shall apply prospectively only.")
The substantive rights of the parties are fixed at the time when the cause of action accrues. Champagne v. Raybestos-Manhattan, Inc., 215 Conn. 509, 521 (1989). The plaintiff claims he was injured in June 22, 1990, and filed this action May 10, 1991. The substantive rights of the parties were thus fixed no later than May 10, 1991, and the repeal of 52-572r
became effective July 1, 1993. See Public Act No. 93-228, section 35. The repeal of 52-572r affects substantive rights of the defendant, and cannot therefore be applied retroactively. Because this section is clear that an employer cannot intervene in a product liability action, Shore's motion for summary judgment is granted.
Granting Shore's motion for summary judgment makes it unnecessary to address Gunnoud's motion for summary judgment or Shore's motion to strike paragraphs of the affidavit. In the alternative, however, Gunnoud's motion for summary judgment must be denied in any event. "The Superior Courts are almost in unanimous agreement that a motion for summary judgment as to a special defense is improper since Practice Book Section 379 makes no provision for it." Benjamin v. Nunes,9 Conn. L. Rptr. 143 (May 21, 1993, McDonald, J.), and cases cited therein. Likewise, Shore's motion to strike certain paragraphs of an affidavit would have to be denied as an improper motion. Practice Book 152 only allows motions to strike against complaints, counterclaims, cross claims, counts thereto, prayers CT Page 9706 for relief and answers. Therefore, Shore's motion for summary judgment on Gunnoud's intervening complaint is granted, Gunnoud's motion for summary judgment is denied and Shore's motion to strike the paragraphs of the affidavit is denied.