[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKEINTERVENING COMPLAINT (NO. 165)
CT Page 12221
The issue is should the third party defendant, Chapin 
Bang's, motion to strike count five of the intervening complaint be granted on the ground that the claim is barred by General Statutes § 52-572r(c).
It is found that the motion to strike count five of the intervening complaint should be granted.
On July 20, 1993 the plaintiff, Robert Merry, filed a seven count revised complaint against the defendants, the City of Norwalk (City), Dominick DiGangi, Robert Bernstein, Chapin and Bangs Company (C B), Thomas Piro and Sons, Inc. (Piro), and Environmental Waste Resources, Inc (EWR). The original complaint was filed on March 22, 1992. The plaintiff is seeking recovery for injuries arising out of a slip and fall accident which occurred at an employee parking lot on April 17, 1991. The revised complaint sets forth claims of nuisance against the City, negligence against DiGangi and Bernstein, negligence against Piro, and product liability claims against C B and EWR.
On August 10, 1994, the intervening plaintiff, Boiler Repair, filed an amended seven count intervening complaint. Boiler Repair, the plaintiff's employer, is seeking reimbursement for workers compensation benefits paid to the plaintiff. Count five of the intervening complaint is directed toward C B.
On August 19, 1994, C B moved to strike count five of the intervening complaint on the ground that General Statutes § 52-572r(c) bars an employer from intervening in a product liability action brought by its employee. Pursuant to Practice Book § 155, C B filed a memorandum in support of its motion. Boiler Repair has timely filed a memorandum in opposition to the motion.
The purpose of a motion to strike is "to test the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). In deciding upon a motion to strike, the court shall construe the facts alleged most favorably to the pleader. Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992). If the facts provable under the allegations of the complaint would support a cause of action or defense, the motion CT Page 12222 to strike must be denied. Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989).
C B argues that General Statutes § 52-572r(c) bars an employer from intervening in a product liability action brought by its employee. C B argues that although General Statutes § 52-572r(c) has been repealed, it was in effect when the plaintiff was injured and when the present action was commenced and, therefore, it applies to the intervening complaint. Boiler Repair argues that the repeal of General Statutes § 52-572r(c) applies retroactively and, therefore, the employer is not barred from intervening in its employee's product liability actions.
General Statutes § 52-572r(c) states that "an employer. . . shall [not] have any lien upon any judgment received in a product liability claim, or any right of subrogation if the claim against the third party is a product liability claim." Pursuant to General Statutes § 52-572r(c), an employer may not intervene in a product liability action. Rodia v. TescoCorporation, 11 Conn. App. 391, 393-94, 523 A.2d 914 (1987). However, effective July 1, 1993, this provision has been repealed by the legislature in Public Act No. 93-228, § 34. Way v. Sears,Roebuck Company, 10 Conn. L. Rptr. 288, 289 (October 25, 1993, Austin, J.).
As a general proposition, "legislation that affects only matters of procedure is presumed to [be] applicable to all actions, whether pending or not, in the absence of any expressed intention to the contrary." Roberts v. Caton, 224 Conn. 483, 488,619 A.2d 844 (1993). On the other hand, there is a presumption that "statutes affecting substantive rights shall apply prospectively only." Miano v. Thorne, 218 Conn. 170, 175,588 A.2d 189 (1991). "This presumption is rebutted only when the legislature clearly and unequivocally expresses its intent that the legislation shall apply retrospectively." (Internal quotation marks omitted.) Id.
Section 34 of Public Act No. 93-228 states merely that "[s]ection 52-572 of the general statutes is repealed." "The repeal of General Statutes 52-572r(c) affects the substantive rights of litigants." Way v. Sears, Roebuck Company, supra,10 Conn. L. Rptr. 289; see also Mariano v. Nicotra Properties, 10 CONN. L. RPTR. 12, 373 (January 10, 1994) (Sylvester, J.). Since the repeal of General Statutes § 52-572r(c) affects substantive rights and the legislature has not expressed an intent to apply the repeal CT Page 12223 retrospectively, it is clear that the repeal does not affect the present action.
In the present case, the substantive rights of the parties were fixed on April 17, 1991, when the original plaintiff was allegedly injured. See Mariano v. Nicotra Properties, supra,8 CSCR 1279 (substantive rights of the parties are fixed at the time when the cause of action accrues). The original plaintiff's claim against C B is a product liability claim. It is clear that General Statutes § 52-572r(c) applies to the present action and, therefore, Boiler Repair is barred from intervening in the original plaintiff's product liability claim against C B. It is found that C B's motion to strike count five of the intervening complaint should be granted and is granted.