[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO INTERVENE (#102)
On January 3, 1996, the plaintiff, Daphne Thomas, filed a products liability action against the defendants, E.I. Dupont de Nemours and Company and Dupont de Nemours, for injuries and damages she suffered from an accident in the workplace. Polycast Technical Corporation a/k/a Uniroyal Technology Corporation filed a motion to intervene (#102) to recoup workers' compensation it paid to the plaintiff under the subrogation provision of the workers' compensation law, General Statutes § 31-293. The defendant and the plaintiff filed objections to the motion on March 1, 1996.
The parties object to the motion to intervene on the ground that intervention by employers in actions brought by employees against third-party tortfeasors in products liability is barred by General Statutes § 52-572r(c). General Statutes § 52-572r(c) bars an employer from intervening in a product liability action. Rodia v.Tesco Corp., 11 Conn. App. 391, 523 A.2d 914 (1987). However, this provision was repealed by the legislature effective July 1, 1993. Public Act N. 93-228 § 34. The plaintiff alleges that the accident occurred on January 13, 1993, and accordingly General Statutes § 52-572r(c) was still the governing law. The substantive rights of the parties are fixed at the time when the cause of action accrues, not when the action is filed. Champagne v. Raybestos-Manhattan, Inc.,215 Conn. 509, 521-22, 562 A.2d 1100 (1989). Therefore, the injury occurred and the cause of action accrued while the act was in effect.
"[A] statute affecting substantive rights is to be applied only prospectively unless the legislature clearly and unequivocally expresses its intent that the legislation shall apply retrospectively." Turner v. Turner, 219 Conn. 703, 712,595 A.2d 297 (1991). Connecticut courts have consistently held that the repeal of General Statutes § 52-572r(c) affects the substantive rights of litigants, and the legislature did not express an intent to apply the repeal retroactively. Johnson v. Linde Gases of theMidwest, Inc., Superior Court, Judicial District of New Haven, Docket No. 326516 (June 15, 1995, Hartmere, J.). Accord, Marianov. Nicotra Properties, Judicial District of Waterbury, Docket No. CT Page 2244 102678 (November 10, 1993, Sylvester, J., 8 CSCR 1279); Merry v.City of Norwalk, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 292947 (December 2, 1994, McGrath, J.,13 Conn. L. Rptr. 131); Reich v. Acands, Superior Court Judicial District of Fairfield at Bridgeport, Docket No. 292702 (July 18, 1995, Thim, J., 14 Conn. Rptr. 505); Way v. Sears, Roebuck Co.,
Superior Court Judicial District of New London, Docket No. 522731 (October 25, 1993, Austin, J., 10 Conn. L. Rptr. 288).
This employer cannot bring an action for subrogation in this products liability action where the employee sued a third party tortfeasor. Accordingly, the motion to intervene is denied.
KARAZIN, J.