[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Basil T. Tsakonas appeals the declaratory CT Page 9637 ruling of the defendant Connecticut State Employees Retirement Commission (Commission) that the plaintiff is not entitled to make an election of retirement benefits under General Statutes 51-295a. The Commission acted pursuant to General Statutes 5-155a(c) and 4-176. The appeal is brought in accordance with General Statutes 4-176(h) and4-183. The court finds in favor of the defendant Commission.
The essential facts are undisputed. Effective July 1, 1981, the plaintiff retired as a public defender at the age of 56 with 22 years, 8 months of service credit under Tier I, Plan C of the State Employees Retirement System (SERS). Public Act 84-421 (the Act), effective July 1, 1985, provides, in part, as follows:
PUBLIC ACT NO. 84-421
AN ACT CONCERNING EQUALIZATION OF RETIREMENT BENEFITS FOR CERTAIN PUBLIC DEFENDERS WITH THEIR COUNTERPARTS IN THE PROSECUTORIAL SYSTEM.
 Section 1. (NEW) (a) Each public defender incumbent on July 1, 1978, may elect to be included in the provisions of this section and section 51-19 of the general statutes, as amended by section 2 of this act . . . .
 (b) Each public defender who elected to be included in the provisions of this section and section 51-49 of the general statutes, as amended, and who has attained the age of sixty-five or who attains the age of sixty-five while serving in office, and each such public defender who has attained the age of sixty and so elects, or who attains the age of sixty while serving in office and so elects, shall receive annually as retirement salary, for each year he has served in such office one-tenth of two-thirds of the salary of such office, as such salary may be changed from time to time, but in no event more than two-thirds of such salary.
The Act was codified as General Statutes 51-295a.
The plaintiff reached the age of 60 after leaving office and before the effective date of the Act. He desires now to elect the provisions of the Act for purposes of his CT Page 9638 retirement.
In June 1987, the plaintiff notified the Commission that he wished to elect the provisions of the Act. After initially denying the plaintiff's request, the Commission held a hearing pursuant to General Statutes 5-155a. On March 22, 1988, the Commission issued its final decision, again denying the plaintiff's request. The plaintiff appealed that decision to this court (Sferrazza, J.), which dismissed it on the basis that the Commission's action was not a "contested case" in the context of General Statutes4-183. The plaintiff then appealed that decision to the Appellate Court. Subsequently, pursuant to an agreement between the parties, the plaintiff withdrew that appeal and applied to the Commission for a declaratory ruling under General Statutes 4-176. On April 16, 1992, the Commission issued a declaratory ruling, in which it adopted the same reasoning and conclusion as in its previous denial of the plaintiff's request. The parties have stipulated that the record in the previous administrative appeal constitutes the record in this case.
The essence of the Commission's position is in the following excerpt from its 1988 decision, which is also contained in the ruling which is the subject of this appeal:
 By its language, C.G.S., 51-295a permits an election to be made only by a "public defender." Although there is a further, qualifying clause of "incumbent on July 1, 1978," that provision does not extend the election right to individuals who are no longer public defenders.
The plaintiff's principal argument is that the clause in subsection (b), "who has attained the age or sixty while serving in office and so elects," indicates that the Act permits retired public defenders to make the election. Otherwise, the plaintiff argues, the clause would be superfluous. This court agrees with the Commission, however, that that clause simply establishes the age when an incumbent public defender may make the election. Under this interpretation, the phrase "while serving in office" emphasizes that a person must be a public defender "in office" at the time of election.
CT Page 9639 The Commission's interpretation of the statute as prospective and as applying only to persons serving as public defenders on and after its effective date is further supported by General Statutes 55-3. That statute reads as follows:
 No provision of the general statutes, not previously contained in the statutes of the state, which imposes any new obligation on any person or corporation, shall be construed to have retrospective effect.
Furthermore, our courts have followed the rule that "[n]ewly enacted statutes are generally given only prospective effect unless there is clear evidence that the legislature intended to give the statute retroactive effect." State v. Vilalastra, 207 Conn. 35, 40 (1988). There is nothing in the record in this case which is "clear evidence" of a legislative intent to give the Act retroactive effect and confer its benefits on individuals who had retired from the public defender service prior to its effective date.
For all of the foregoing reasons, this court concludes that the Act, which took effect on July 1, 1985, does not permit a person who was a public defender on July 1, 1978, but who retired prior to July 1, 1985, to elect the provisions of the Act. The Commission's declaratory ruling in this case, therefore, was not in error.
The plaintiff's appeal is dismissed.
Maloney