[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE
On July 5, 1994 the plaintiff, Benito Rosario filed a four-count complaint against the defendant, Hartford Hospital. The plaintiff alleges the following.
The plaintiff was employed by the defendant as a maintenance worker in the building services department from December 27, 1989 until July 24, 1991. On June 27, 1991, the plaintiff visited Dr. Gilberto Ramirez to complain of nervousness, loss of energy, difficulty sleeping, and decreased ability. Dr. Ramirez diagnosed the plaintiff as having a psychiatric disorder and certified that the plaintiff was not able to work. Subsequently, on June 28, 1991, July 1, 1991, and again on July 1, 1991 the plaintiff having a psychiatric disorder and certified that the plaintiff was not able to work. Subsequently, on June 28, 1991, July 1, 1991, and again on July 1, 1991 the plaintiff reported to defendant's Employee Health Services complaining of anxiety and nervousness and stating that he was under the care of Dr. Ramirez.
On July 9, 1991 the plaintiff returned to Dr. Ramirez and complained of the same anxiety and nervousness. Again, on July 16, 1991 the plaintiff received treatment from Dr. Ramirez. Thereafter, on July 19, 1991 Dr. Ramirez communicated with defendant's Employee Health Services and advised them of the plaintiff's symptoms of a psychiatric disorder and inability to work.
On July 23, 1991 the plaintiff received treatment from Dr. Ramirez and on July 24, 1991 returned to work. On that same day, the plaintiff was informed by the defendant's agents, servants' and employees that his employment had been terminated. During his employment with the defendant, the plaintiff received various memoranda from the CT Page 4743 defendant's human resources department which outlined some of the defendant's rules, regulations, policies, and benefits. The defendant's policy concerning medical leave and/or medical absence provided that an employee would not be terminated while on medical leave and while under a physician's orders to remain out of work.
The plaintiff was aware of the defendant's policy concerning medical leave and relied on this policy. The defendant's representations concerning the conditions of employment in general as well as the medical absence and/or medical leave in particular gave rise to an implied employment contract between the plaintiff and the defendant.
In Count one the plaintiff alleges that the defendant breached the implied contract causing the plaintiff to suffer loss of compensation, wages, fringe benefits, pensions credits, and seniority as well as emotional distress.
In Count two the plaintiff alleges that the defendant's termination of the plaintiff was wrongful and a breach of covenant of good faith and fair dealing.
In Count three the plaintiff alleges that the defendant's actions constitute a violation of General Statutes §§ 31-51cc and 31-51dd.
In Count four, which sounds in negligent infliction of emotional distress, the plaintiff alleges that the defendant's actions were unreasonable and caused the plaintiff to suffer emotional distress.
On August 19, 1994 the defendant filed a motion to dismiss the third count of the plaintiff's complaint claiming that the plaintiff had failed to follow the prescribed administrative procedure under General Statutes § 31-51dd and therefore, this court lacks subject matter jurisdiction.
On August 19, 1994 the defendant also filed a motion to strike the second count on the ground that it alleges a common law cause of action for wrongful discharge based on a violation of General Statutes § 31-51dd for which the CT Page 4744 plaintiff already has an express statutory remedy.
On September 6, 1994 the plaintiff filed an objection to the defendant's motion to dismiss on the ground that at the time of the plaintiff's termination, no regulations were in effect and the plaintiff did not have a statutory remedy.
On September 6, 1994 the plaintiff filed an objection to the defendant's motion to strike on the ground that the plaintiff had no available administrative remedies at the time of the plaintiff's termination.
On November 7, 1994 the defendant filed a reply brief in which the defendant argues that the plaintiff was bound by the Department of Labor's administrative procedure that was in effect on July 5, 1994, when the plaintiff brought this action. The defendant argues that whether the procedure was in effect on the date of the plaintiff's termination is irrelevant, and, the governing law should be the procedural scheme in force at the time that the claim is filed.
Motion to Dismiss
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . ." Practice Book § 143. "Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." Baldwin Piano Organ Co. v. Blake, 786 Conn. 295, 297, 441 A.2d 183
(1982). "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; citations omitted; internal quotations omitted).Gurliacci v. Mayer, 218 Conn. 531, 544-45, 590 A.2d 914
(1991).
The defendant argues that the third count should be dismissed because the plaintiff failed to follow the prescribed administrative procedure under Section 31-51dd of the Connecticut General Statutes, and therefore, the CT Page 4745 court is without jurisdiction to hear the plaintiff's claim. The defendant argues that the plaintiff seeks to raise a claim under the Family and Medical Leave Act ("Act") without first filing a complaint with the Department of Labor. The defendant argues that the plaintiff cannot by-pass the established procedure under the Act and seek relief before this court.
The defendant argues in the alternative that if the court finds that the operative date for determining the applicable procedure to be the date of the plaintiff's termination, then the court should construe the regulations to apply retroactively to coincide with the effective date of the Act.
In opposition, the plaintiff argues that he did not have an available administrative remedy under the Connecticut Family Medical Leave Act for wrongful discharge. Therefore, the plaintiff argues that he is entitled to bring a private cause of action against the defendant for wrongful discharge.
General Statutes § 31-51dd states:
 [n]o employer who is subject to the provisions of section 31-51cc shall discharge, or cause to be discharged, or in any manner — discriminate against any eligible employee because such employee has exercised the rights afforded to him pursuant to the provisions of said section.
General Statutes § 31-51ee(a) states:
 [o]n or before July 1, 1990, the commissioner of labor shall adopt regulations, pursuant to the provisions of chapter 54, which establish procedures and guidelines necessary to implement the provisions of sections 31-51cc to 31-51gg, inclusive, including but not limited to procedures for hearings and redress for an employee who believes that there is a violation by the employer of such employee of any provision of said sections and procedures for the periodic reporting by employers to the commissioner of their current experience with leaves of absence CT Page 4746 taken pursuant to said sections. Such regulations may be adopted by the commissioner prior to July 1, 1990, but may not take effect prior to that date.
Although Section 31-51ee(a) of the Regulations of Connecticut State Agencies mandates that the "commissioner of labor shall adopt regulations on or before July 1, 1990", the regulations embodied in Sections 31-51ee-1 to31-51ee-8 of the Regulations of Connecticut State Agencies were not made effective until August 29, 1991. The plaintiff was terminated on July 24, 1991. Therefore, the regulations were not effective on the date that the plaintiff's employment was terminated. For purposes of determining the applicability of Section 31-51dd of the Regulations of Connecticut State Agencies to the present case, the court must decide whether the time of the filing of the complaint should govern and the regulations applied retroactively, or whether the statute and regulations in effect at the time the plaintiff was terminated should control.
In Anderson v. Schieffer, 35 Conn. App. 31 (1994) the court stated:
 [o]ur Supreme Court has consistently expressed reluctance to construe statutes retroactively where the statutes effect substantial changes in the law, unless the legislative intent clearly and unequivocally appears otherwise . . . On the other hand, procedural statutes and rules of practice ordinarily apply retroactively to all actions whether pending or not at the time the statute [or rule] became effective, in the absence of any expressed intent to the contrary.
Id., 39.
In Roberts v. Caton, 224 Conn. 483, 619 A.2d 844, (1993), the court stated that:
 [t]he test of whether a statute is to be applied retroactively is not a purely mechanical one and even if it is a procedural statute, which ordinarily will be applied retroactively without CT Page 4747 a legislative imperative to the contrary, it will not be applied retroactively if considerations of good sense and justice dictate that it not be so applied.
Id., 492-93.
"Statutes should be construed retroactively only when the mandate of the legislature is imperative . . . Moreover statutes that effect substantial changes in the law do not apply in pending actions unless it clearly and unequivocally appears that such was the legislative intent . . . and we have consistently expressed our reluctance to give such statutes retroactive application." In reJudicial Inquiry No. 85-01, 221 Conn. 625, 632,605 A.2d 545 (1992). "Newly enacted statutes are generally given only prospective effect unless there is clear evidence that the legislature intended to give the statute retroactive effect." Tsakonas v. Conn. ST. Retirement Com., 7 CONN. L. RPTR, 829, 7 CSCR 1271, JD of Windham at Putnam, (October 23, 1992) (Maloney, J.).
Neither General Statutes §§ 31-51cc through 31-51jj, nor Sections 31-51ee-1 through 31-51ee-8 of the Regulations of Connecticut State Agencies, state that these statutes or regulations should be applied retroactively. On the contrary, it is expressly stated that the regulations are to be effective August 29, 1991. Therefore, plaintiff's cause of action, arising from his termination on July 24, 1991, should be governed by the law and procedures in place at that time. The plaintiff may bring a cause of action pursuant to General Statutes § 31-51dd, without following the procedural requirements set forth in the regulations because such regulations were not in effect at the time of the plaintiff's termination. Accordingly, this court has jurisdiction to entertain the plaintiff's claim.
Even if this court determined that the statute should be applied retroactively, (which it does not), that is, if it determined that the regulations should be considered effective as of July 1, 1990, then the critical question would become whether these regulations are substantive or procedural.
"Substantive rights are those that can be identified CT Page 4748 as existing between the parties at the time the cause of action accrued . . . In Connecticut, a cause of action accrues when a plaintiff suffers actionable harm." (Emphasis added). Roberts v. Caton, 224 Conn. 483 (1993).
In Clark v. Cassidy, 636 P.2d 1344 (1981), the court stated that:
 substantive rights are generally defined as rights which take away or impair vested rights acquired under existing laws, or create a new obligation, impose a new duty, or attach a new disability in respect to transactions or considerations already past, as distinguished from remedies or procedural laws which merely prescribe methods of enforcing or giving effect to existing rights.
Id., 1346-47.
The regulations contained in 31-51ee-1 through 31-51ee-8
are entitled "Procedures and Guidelines for Hearings, Redress and Employer Reporting to the Labor Commissioner Under the Family and Medical Leave Act." Although it may appear that these regulations contain procedural requirements, they also discuss the rights afforded to employees under the "Act", which allow such employees the opportunity to take a leave of absence for reasons specified in the Act and the regulations. Therefore, the rights mentioned in the Act and in the corresponding regulations are more than procedural rights governing the manner in which an employee must pursue his or her claim. They are also substantive since they involve issues concerning who is eligible for family and medical leave. Therefore, even if the court found that the time of the filing of the complaint should govern, the court also finds that the statutes and regulations in this case are substantive as well as procedural, and therefore should not be applied retroactively. Furthermore, nothing in the regulations or the Act suggest that they be applied retroactively. Accordingly, the defendant's motion to dismiss is denied.
Motion to Strike
CT Page 4749
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff . . . A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (Citations omitted; internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOCGroup, 224 Conn. 210, 214-15, 618 A.2d 25 (1991).
The defendant argues that the second count should be stricken because it alleges a common law cause of action for wrongful discharge based on a violation of General Statutes § 31-51dd, for which the plaintiff already has an express statutory remedy. The defendant argues that pursuant to § 31-51ee the Department of Labor has the authority to adopt regulations which establish procedures and guidelines for the implementation of the Act. Furthermore, the defendant argues that the plaintiff has not chosen to pursue the Act's explicit procedures and remedies, and should be precluded from bringing a private right of action based on the public policy concerns expressed in the Family Medical Leave Act. In summary, the defendant argues that the statute expressly provides a remedy for the plaintiff, and therefore, the plaintiff should be precluded from raising a common law claim.
In opposition, the plaintiff argues that the Department of Labor regulations affect substantive rights of employers and employees and, therefore, such regulations have prospective effect only. Furthermore, the plaintiff argues that the regulations do not state that such regulations shall have retroactive effect. Therefore, the plaintiff argues that no administrative remedies were available to him, and therefore, the defendant's motion to strike the second count should be denied.
The court has already determined that the statutes in question should not be applied retroactively because the regulations were not in effect at the time the plaintiff was terminated. Therefore, the only issue remaining is whether the plaintiff has alleged sufficient facts to support a cause of action for wrongful discharge. CT Page 4750 The plaintiff alleges in his complaint that the defendant represented to the plaintiff that an "employee would not be terminated while on medical leave and while under a physician's orders to remain out of work." Construing the facts most favorable to the non-movant, the plaintiff has alleged sufficient facts in the complaint to state a cause of action for wrongful discharge. Sheets v.Teddy's Frosted Foods, Inc., 179 Conn. 471 (1980).
Accordingly, the defendant's motion to strike the second count is denied.
Freed, J.