[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Roberta Edwards, has filed a complaint in one count against her former employer, Unimin Corp., for wrongful termination. Specifically, the plaintiff alleges that she began working for the defendant on or about November 11, 1991, and that on October 20, 1992, and November 6, 1992, she requested a leave of absence in order to take care of her sick child, and that both requests were denied by the defendant. The plaintiff alleges that "[o]n or about November 10, 1992 at the conclusion of her first year of employment, the Plaintiff's employment was terminated by the Defendant" and the reason provided for her termination was absenteeism.
The plaintiff further alleges that the defendant is subject to the provisions of the Connecticut Family and Medical Leave Act (CFMLA), General Statutes § 31-51cc et seq. The plaintiff alleges that the defendant discharged her on the "eve of her eligibility for the Family and Medical Leave Act with the intent to avoid having to comply with the requirements of said act." The plaintiff claims that the action of the defendant violated the "public policy of the State of Connecticut, as expressed by the Family and Medical Leave Act, to permit employees to care for ailing family members. . . . [and] the public policy of the State of Connecticut not to discriminate against individuals in employment because of their family responsibilities. . . . [and] to promote employment opportunities for woman (sic) by accommodating their family responsibilities." The defendant has moved to strike the plaintiff's complaint.
Pursuant to Practice Book § 152(1), a motion to strike may be used to contest the "legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. . . ." In deciding a motion to strike, the court must construe the allegations in the light most favorable to the non-moving party. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988).
The defendant argues that the plaintiff's complaint fails as a matter of law because the CFMLA and its limitations represents Connecticut's public policy on family and medical leave, and that the plaintiff was not protected under CFMLA because she had not been employed by the defendant for twelve months or more. The defendant argues that "as a matter of law, an employer does not violate Connecticut public policy by terminating an employee to avoid future obligations under the Connecticut Family and Medical CT Page 12861 Leave Act." The defendant cites no authority in support of this contention. The plaintiff argues that CFMLA does not provide the exclusive remedy for the defendant's actions.
"A cause of action for wrongful discharge is only recognized where public policy is clearly contravened. Sheets v. Teddy'sFrosted Foods, Inc., 179 Conn. 471, 475, 427 A.2d 385 (1980). A finding that certain conduct contravenes public policy is not enough by itself to warrant the creation of a contract remedy for wrongful dismissal by an employer. The cases which have established a tort or contract remedy for employees discharged for reasons violative of public policy have relied upon the fact that in the context of their case the employee was otherwise without remedy and that permitting the discharge to go unredressed would leave a valuable social policy to go unvindicated." (Internal quotation marks omitted.) Atkinson v.Bridgeport Hydraulic Co., 5 Conn. App. 643, 648, 501 A.2d 1223
(1986). "[T]he employee has the burden of pleading and proving that his dismissal occurred for a reason violating public policy." Morris v. Hartford Courant Co., 200 Conn. 676, 679, (1986).
The Supreme Court has further recognized the "inherent vagueness of the concept of public policy" and that a violation of public policy can be based upon a "judicially conceived notion of public policy" or a violation of a statute or constitutional provision. Id., 680. See also Edelman v. Mutual of Omaha Co.,
Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 533680 (May 18, 1995) (Hale, S.T.R.); Rosariov. Hartford Hospital, 14 Conn. L. Rptr. 209, 211 (May 5, 1995) (Freed, J.); Skierkowski v. Creative Graphics Service Inc.,
Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 463242 (May 5, 1995) (Handy, J.); Daley v.Aetna Life Casualty, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 533693 (August 3, 1994) (Sheldon, J.) (denying motion to strike wrongful discharge claim upon recognizing the public policy in this State "not to discriminate in employment against individuals who chose to have and raise children); MacLean v. Northeast Province of the SchoolSisters of Notre Dame, 6 Conn. L. Rptr. 687, 7 CSCR 471, 472 (1992) (Lewis, J.).
In the present case the plaintiff has alleged that the defendant terminated her on the "eve of her eligibility" for the CFMLA for the purpose of avoiding its obligation to comply with CT Page 12862 the requirements of the act, and that the defendant's actions violated the public policy of the state. That policy, the plaintiff claims, requires employers to allow their employees to care for sick family members and to promote employment opportunities for women, and prohibits employers from discriminating against employees because of their choice to have and raise children. Construing these allegations in the light most favorable to the non-movant, this court finds that the plaintiff has sufficiently alleged a cause of action for wrongful termination.
The alternate ground for the defendant's motion, that the plaintiff cannot pursue an action for wrongful discharge in violation of public policy because of the availability of a statutory remedy, misses the point. Indeed, the issue is not whether CFMLA is the plaintiffs exclusive remedy, but rather whether the plaintiff may have a cause of action based upon a termination which was wrongful because it was purposely intended to keep the plaintiff from achieving the standing necessary to pursue that remedy.
Accordingly, the motion to strike is denied.
D'ANDREA, J.