[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONFOR SUMMARY JUDGMENT OF BERNADINE ORDNER (NO. 136)
The plaintiff, Catherine Coburn, filed a second revised complaint on June 30, 1994, against her parents, William Ordner and Bernadine Ordner. The plaintiff was born on September 11, 1963. The eleven count complaint alleges that from November 1967 CT Page 2738 through January 1980, her father continually and intentionally engaged in sexual activities with her. The specific claims against the defendant father are set forth in counts one through five and eleven. The claims against the defendant mother set forth in counts six through 11 of the complaint arise through her intentional, reckless and negligent failure to protect the plaintiff, the infliction of emotional distress and a civil conspiracy to commit sexual assault. The defendant mother filed an amended motion for summary judgment and a memorandum in support of the motion on February 6, 1995. The plaintiff filed an amended objection to the motion and memorandum in support of the objection on February 17, 1995. The claims made by the mother in her motion are that all counts against her are barred by the doctrine of parental immunity and that the claims against her are time barred because the extended statute of limitations set forth in Connecticut General Statutes § 52-577d only applies to the actual perpetrator of the sexual abuse.
The motion for summary judgment is "designed to eliminate delay and expenses of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). Summary judgment is appropriate when "`the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"Suarez v. Dickmont Plastics Corporation, 229 Conn. 99, 105,639 A.2d 507 (1994). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." Id., 105-06.
A. PARENTAL IMMUNITY CLAIM
The Supreme Court created a common law exception to the doctrine of parental immunity in an action for personal injuries arising out of sexual abuse, sexual assault or sexual exploitation. Henderson v. Woolley, 230 Conn. 472, ___ A.2d ___ (1994). "[W]e do not believe that the purpose of the doctrine would be served by extending it to shield a parent from a civil action alleging sexual abuse. Familial discord or dysfunction obviously exists where parental sexual abuse occurs. Therefore, the purpose of the preservation of family harmony cannot justify immunity in the case of sexual abuse of a child by a parent." Id., 482. That case admittedly involved claimed behavior against the actual sexual abuser. CT Page 2739
The defendant mother in this case nevertheless claims that she should be absolved from liability on the ground of parental immunity. She admits that the law does not grant immunity to parents specifically accused of actual sexual assault, but argues that she is immune because she was not the perpetrator of the sexual abuse. She further contends that the doctrine of parental immunity bars the two counts sounding in negligence in the present action.[1]
Because the allegations in the Henderson case were made solely against the father as a perpetrator, that decision did not address the issue of liability for a non-perpetrating parent. Id., 482. The Supreme Court in the Henderson decision, however, favorably cited an Alabama decision, Hurst v. Capitell, 539 So.2d 264
(Ala. 1989), which addresses facts similar to the present case. Id.
In Hurst v. Capitell, the Alabama Supreme Court reversed a trial court's decision dismissing a sexual assault case against the stepfather, who was the alleged perpetrator, and the natural mother, who did not perpetrate the alleged assaults, on the basis of parental immunity. The Alabama Supreme Court simply created an exception in sexual abuse cases to the doctrine of parental immunity applying it both to the actual perpetrator, the stepfather, and the mother based upon her alleged aiding and abetting in sexual abuse, willful and wanton conduct and negligent performance of her duties as a mother in allowing the abuse to occur. Hurst v. Capitell, supra, 539 So.2d 265.
The Supreme Court has recognized that in recent years the doctrine has lost its judicial following in Connecticut and other jurisdictions. Dzenutis v. Dzenutis, 200 Conn. 290, 295,512 A.2d 130 (1986). The Connecticut Supreme Court and the state legislature has further recognized that the doctrine of parental immunity may be abrogated in some negligence actions. See id., 293-94, 297 (citing negligence cases where doctrine was abrogated); see also General Statutes § 52-572c. TheHenderson decision addresses wrongful and willful misconduct, but it set down a more general rule that "the public policy of this state requires that the parental immunity doctrine not preclude a child victim of parental sexual abuse from vindicating his or her rights by bringing an action for damages." Henderson v. Woolley, supra, 230 Conn. 483. CT Page 2740
The purpose of the doctrine of parental immunity would not be served by shielding either parent involved in the sexual abuse of a minor child from a civil action. This court concludes that the doctrine of parental immunity does not bar a claim against either a perpetrating or a non-perpetrating parent in an action alleging sexual abuse. Because the defendant mother is not immune from the present suit, a genuine issue of material fact remains as to her liability to the plaintiff and the motion is denied as to that issue.
B. STATUTE OF LIMITATIONS CLAIM
General Statutes § 52-577d states:
 no action to recover damages for personal injury to a minor, including emotional distress, caused by sexual abuse, sexual exploitation or sexual assault may be brought by such person later than seventeen years from the date such person attains the age of majority.
The defendant mother asserts that the seventeen year statute of limitations pursuant to § 52-577d does not apply to her as a non-perpetrator and that therefore the three year limitations period pursuant to § 52-584 or § 52-577 bars the plaintiff's action against her.[2] The defendant also claims that § 52-577d is not the applicable statute of limitations for an action brought by the plaintiff because she did not repress her memories of the incidents, and therefore the action is barred by the shorter limitations period.
There is no case law from the appellate or supreme court of our state specifically addressing the applicability of § 52-577d
to a non-perpetrator. A federal court decision, Almonte v.New York Medical College, District Court of Connecticut, Docket No. 93:CV00116 (March 31, 1994, Nevas, J.), and a superior court decision, Rosado v. Bridgeport Roman Catholic Diocesan Corp., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 300948 (September 13, 1993, Freedman, J.), support the plaintiff's position. The defendant, however, cites two cases that support her argument, Ashlaw v. Booth, Superior Court, judicial district of Windham, Docket No. 045313 (August 9, 1994, Potter, J.) and Doe v. British UniversitiesNorth American Club, 788 F. Sup. 1286 (D. Conn. 1992).
This court is persuaded by the reasoning and logic of the CT Page 2741 cases cited by the plaintiff. "[W]hen the language of a statute is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent." Frillici v. Westport, 231 Conn. 418,420, ___ A.2d ___ (1994). Because § 52-577d applies to "an action to recover damages for personal injury to a minor," it is clear on its face that it does not consider whether the action was brought against the perpetrator or a non perpetrator liable on other theories. See Rosado v. Bridgeport Roman CatholicDiocesan Corp., supra (ruling that § 52-577d, as the more specific statute, controls the limitations period for actions for damages to a minor caused by sexual abuse).
"Quite simply, the statute does not expressly limit its application to offenders; rather, reference to the unambiguous language of the statute indicates that the statutory focus is onactions flowing from a particular type of harm and not parties."Almonte v. New York Medical College, supra. The court, Nevas, J., explained "in defining the scope of the statute, courts should look to whether the underlying harm was allegedly `caused by sexual abuse, sexual exploitation or sexual assault,' § 52-577d, rather than whether the named defendants are potentially primarily or only secondarily liable for the alleged harm." Id.
Additionally, the language of the statute does not provide for the distinction sought by the defendant that the seventeen year limitations period is only applicable where memories have been repressed. This court is in complete agreement with the reasoning of Almonte v. New York Medical College. The court, Nevas, J., recognized that "Connecticut does not employ a `discovery rule,' but instead applies an extended statute of limitations which makes no mention of when the action was `discovered.'" Id., 7 n. 3. When the plaintiff "discovered" the potential liability is not relevant to § 52-577d. The language of the statute provides that the plaintiff had seventeen years from the age of majority to bring this action. The plaintiff reached the age of majority on September 11, 1981, and filed the initial complaint less than twelve years later. Therefore, the action is not barred by the applicable statute of limitations, Connecticut General Statutes § 52-577d.
Accordingly, the motion for summary judgment is denied.
GORMLEY, J. CT Page 2742