**John DOE, Plaintiff,**

v.

**INDIAN MOUNTAIN SCHOOL, INC., et al., Defendants.**

**No. 3:93CV01611 (RNC).**

United States District Court, D. Connecticut.

Aug. 17, 1995.

Hope C. Seeley, Santos & Seeley, Hartford, CT, Ellen Plasil, Law Offices of Ellen Plasil, Danbury, CT, Susan K. Smith, Hartford, CT, for plaintiff.

George D. Royster, Jr., Mark T. Altermatt, Halloran & Sage, Hartford, CT, for Indian Mountain School, Inc., Peter F. Carleton and Richard Rouse.

Eliot B. Gersten, Gersten & Clifford, Hartford, CT, Robert P. Volpe, Ronald G. Weller, Howard, Kohn, Sprague & Fitzgerald, Hartford, CT, for Christopher H. Simonds and Pat Simonds.

Robert J. Cooney, Williams, Cooney & Sheehy, Bridgeport, CT, for Charles S. Mirabile, Jr., M.D.

*RULING ON MOTION TO DISMISS FILED BY DEFENDANTS INDIAN MOUNTAIN SCHOOL, INC., PETER F. CARLETON AND RICHARD ROUSE*

CHATIGNY, District Judge.

The plaintiff in this diversity case seeks damages for injuries caused by sexual abuse he allegedly suffered while a student at a school in Connecticut. Plaintiff alleges that he was sexually abused by a teacher at the school on dozens of occasions during the period 1976 through 1978. Plaintiff claims that the school and certain school officials were negligent in hiring, retaining and supervising the teacher and that they knew, should have known or could have known on inquiry that the teacher had been and was sexually abusing students. Plaintiff also claims that the school and school officials engaged in a civil conspiracy to prevent others from learning about the sexual abuse.

The school and school officials have moved to dismiss the complaint against them pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim on which relief can be granted [doc. # 54]. The issue presented by the motion is whether the claims against these defendants are within the scope of Conn.Gen. Stat. § 52–577d, which establishes an extended limitations period for actions for damages for personal injury to a minor caused by sexual abuse. After careful consideration of the parties' comprehensive briefs and oral arguments, I have concluded that the claims are governed by the statute.

With one exception, all courts that have considered this issue have concluded that § 52–577d applies to all claims for damages for personal injury to a minor caused by sexual abuse, not just claims against the perpetrator. *See Almonte v. New York Medical College,* 851 F.Supp. 34, 37–39 (D.Conn. 1994); *Coburn v. Ordner,* No. CV–93–0306715–S, 1995 WL 139467, at *3, 1995 Conn.Super. LEXIS 853, at *8–10 (J.D. Fairfield Mar. 23, 1995); *Nutt v. The Norwich Roman Catholic Diocese,* No. 94–776, slip op. at 10–12, 1995 WL 779134 (D.Conn. Mar. 28, 1995); *Rosado v. Bridgeport Roman Catholic Diocesan Corp.,* No. CV–93–0302072–S, 1993 WL 382300, at *1, 1995 Conn.Super. LEXIS 2369, at *2–3 (J.D. Fairfield Sept. 16, 1993). *But see Ashlaw v. Booth,* No. CV–90–0045313–S, slip op. at 10–16 (J.D. Windham Aug. 9, 1995) (holding Conn.Gen.Stat. § 52–584, not § 52–577d, applicable to negligence action against board of education for sexual abuse).

The introductory clause of § 52–577d, by referring to Conn.Gen.Stat. § 52–577 without referring to Conn.Gen.Stat. § 52–584, tends to create some ambiguity concerning the statute's scope. *See Ashlaw,* No. CV–90–0045313–S, slip op. at 15. (noting absence of reference to § 52–584 in concluding that extended limitations period of § 52–577d does

not apply to types of claims encompassed by § 52–584). However, the plaintiff's explanation of the meaning of the statute's reference to § 52–577 is more convincing than the defendants' argument based on the absence of any mention of § 52–584. If the legislature wanted to preclude application of the extended limitations period to all the types of claims enumerated in § 52–584, notwithstanding its objective of providing meaningful remedies to minor victims of sexual abuse, it probably would have said so explicitly, as it has in establishing other statutes of limitations. *See* Conn.Gen.Stat. § 52–576(c) ("The provisions of this section [relating to actions for account or on simple or implied contracts] shall not apply ... to any cause of action governed by article 2 of title 42a"); Conn. Gen.Stat. § 52–581(b) ("This section [relating to actions on oral contracts] shall not apply to causes of action governed by article 2 of title 42a").

The legislative history of § 52–577d contains statements concerning the statute's effect on actions against "offenders" and "perpetrators," and there are no comparable statements in the legislative history concerning the statute's effect on actions against other parties. However, it seems unlikely that the legislature, in extending the limitations period so as to preserve a minor's right of action against the most culpable parties, intended to effectively immunize all other tortfeasors who would be exposed to liability if suit were brought against them in a timely manner. Moreover, excerpts from the legislative history cited by the plaintiff show that at least some legislators expected the extended limitations period to apply to actions alleging willful and wanton misconduct and negligent infliction of emotional distress.

The Connecticut Supreme Court has recognized that, although statutes of limitations generally operate to prevent unexpected enforcement of stale claims, § 52–577d has a remedial purpose. *See Roberts v. Caton,* 224 Conn. 483, 493, 619 A.2d 844 (1993). "Remedial statutes are to be liberally construed in favor of those whom the legislature intended to benefit." *Hinchliffe v. American Motors Corp.,* 184 Conn. 607, 615 and n. 4, 440 A.2d 810 (1981). Applying the extended limita-

tions period of § 52–577d to all claims for personal injury to a minor caused by sexual abuse fosters the statute's remedial goal.

For the foregoing reasons, the defendants' motion is denied.

So ordered.