******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JOHN DOE *v.* THE BOY SCOUTS OF
AMERICA CORPORATION ET AL.
(SC 19516)

The motion of the defendant-appellant, filed October
21, 2016, for reconsideration en banc, having been pre-
sented to the court, it is hereby ordered denied.

PALMER and VERTEFEUILLE, Js., did not partici-
pate in the discussion or decision of this motion.

December 8, 2016

ZARELLA, J., with whom ESPINOSA and ROBINSON,
Js., join, dissenting from the denial of the named defen-
dant's motion for reconsideration en banc. In its deci-
sion in this matter, a majority of this court concluded
that the thirty year statute of limitations set forth in
General Statutes § 52-577d applied to the plaintiff's
claims, instead of the two year limitation period for
negligence claims set forth in General Statutes § 52-
584. *Doe* v. *Boy Scouts of America Corp.*, 323 Conn.
303, 331, 340, 147 A.3d 104 (2016) (opinion announcing
judgment);[1] see also id., 354 (*Eveleigh, J.*, concurring
and dissenting) (noting agreement with part V of opin-
ion announcing judgment, in which statute of limita-
tions issue was addressed).[2] I dissented in part in that
case, concluding that § 52-584 applied to and barred
the plaintiff's claims. See id., 343–44 (*Zarella, J.*, concur-
ring in part and dissenting in part). The named defen-
dant, The Boy Scouts of America Corporation,[3] filed a
motion for reconsideration, principally arguing that this
court overlooked its earlier decision in *Greco* v. *United
Technologies Corp.*, 277 Conn. 337, 890 A.2d 1269
(2006), in reaching its conclusion in the present case.
The defendant claims that *Greco* relied on reasoning
that undermines the decision in the present case, requir-
ing reconsideration. Because I agree with the defendant
that we should consider the impact of *Greco* on the
present case, I would grant the defendant's motion for
reconsideration. The majority's refusal to do so leaves
its decision in conflict with our prior decision in *Greco*
and thus creates dissonance in our case law. I therefore
respectfully dissent from the majority's decision to deny
the defendant's motion.

It appears from the record that this court overlooked
our prior decision in *Greco* when deciding the present
case. Neither the plaintiff, John Doe, nor the defendant
cited *Greco* in their briefs to this court, but the defen-
dant brought it to the court's attention in a letter sent
to the court eighteen days after oral argument. Never-
theless, neither the opinion announcing the judgment
nor the separate concurring and dissenting opinions
cited the case, and I acknowledge that I was unaware

of *Greco* and its relevance to the present case when I issued my concurrence and dissent.

Our decision in *Greco* is significant to our resolution of the present case. The parties in the present case disputed whether the thirty year limitation period in § 52-577d or the two year limitation period in § 52-584 applies to the plaintiff's claims. *Doe* v. *Boy Scouts of America Corp.*, supra, 323 Conn. 331. Section 52-577d provides: "*Notwithstanding the provisions of section 52-577*, no action to recover damages for personal injury to a minor, including emotional distress, caused by sexual abuse, sexual exploitation or sexual assault may be brought by such person later than thirty years from the date such person attains the age of majority." (Emphasis added.) In my concurring and dissenting opinion, I concluded that, because § 52-577d expressly preempts only General Statutes § 52-577, the legislature did not intend for § 52-577d to preempt any statute of limitations other than § 52-577. See *Doe* v. *Boy Scouts of America Corp.*, supra, 345–49 (*Zarella, J.*, concurring in part and dissenting in part). Section 52-577 applies generally to intentional torts but not to negligence claims, such as those made in the present case. See id., 332–33. The statute of limitations for negligence claims can be found in § 52-584, which provides for a two year statute of limitations, and, although § 52-577d expressly preempts § 52-577, it does not expressly preempt the limitations period in § 52-584. I therefore concluded that the legislature's decision not to have § 52-577d displace § 52-584 indicated that the legislature did not believe that the longer, thirty year statute of limitations for tortious sexual misconduct also applied to negligent misconduct claims; rather, the legislature understood that § 52-577d would apply only to claims involving intentional conduct. See id., 344 (*Zarella, J.*, concurring in part and dissenting in part).

Our decision in *Greco* applied the same logic to reach a similar conclusion concerning other statutes of limitations for certain tort claims. *Greco* involved a claim for wrongful death under General Statutes § 52-555, and a statute of limitations for tort claims involving harm from hazardous chemicals set forth in the version of General Statutes § 52-577c (b) applicable when those claims were brought. *Greco* v. *United Technologies Corp.*, supra, 277 Conn. 341–42, 348. The statute of limitations for wrongful death is two years from the date of death, whereas the limitation period for harm caused by hazardous chemicals is two years from the date the harm is discovered. Compare General Statutes § 52-555 with General Statutes § 52-577c (b). The plaintiffs in *Greco* claimed that the hazardous chemical statute of limitations applied to their claims, whereas the defendants argued that the wrongful death limitation period applied. See *Greco* v. *United Technologies Corp.*, supra, 342, 348. Like the statute at issue in the present case, § 52-577c (b) also contains a "notwithstanding"

clause that preempts certain other statute of limitations provisions. The version of § 52-577c (b) applicable in *Greco* provided that it applied "[n]otwithstanding the provisions of sections 52-577 and 52-577a," but it made no mention of displacing the wrongful death limitations period in § 52-555. As a result, we concluded in *Greco* that, "to the extent that § 52-577c (b) otherwise may be applicable under the present factual circumstances, that statutory provision expressly preempts [General Statutes] §§ 52-577 and 52-577a but, notably, does not purport to preempt § 52-555. If the legislature had intended for § 52-577c (b) to preempt § 52-555, it easily could have done so by enumerating § 52-555, along with §§ 52-577 and 52-577a, as one of the statutes of limitation[s] preempted by § 52-577c (b). . . . *The fact that it did not do so is strong evidence that the legislature did not intend for § 52-577c (b) to preempt § 52-555.*" (Citation omitted; emphasis added.) *Greco* v. *United Technologies Corp.*, supra, 349.

*Greco* therefore establishes a principle that applies to our interpretation of other statutes of limitations containing similar "notwithstanding" clauses. That is, when the legislature expressly preempts certain statutes of limitations, but not others, we interpret the legislature's enumeration of specific statutes as "strong evidence" that the legislature did not intend to disturb other statutes of limitations not expressly preempted. Id.

Application of this principle from *Greco* to the present case demonstrates that the legislature did not intend for § 52-577d to preempt the statute of limitations for negligence claims. If the legislature had intended for § 52-577d to apply to negligent conduct and thus to displace the statute of limitations for negligence claims in § 52-584, it easily could have expressed that intention in the statutes. A majority of the justices concluded in the present case that the legislature's omission of § 52-584 "merely creates ambiguity" about the legislature's intent; *Doe* v. *Boy Scouts of America Corp.*, supra, 323 Conn. 333; but that position is inconsistent with our decision in *Greco*. As we explained in *Greco*, the legislature's decision to expressly preempt certain statutes of limitations while omitting others does not create an ambiguity about the legislature's intent but instead provides "strong evidence that the legislature did not intend for" § 52-577d to preempt the existing statute of limitations for negligent conduct. *Greco* v. *United Technologies Corp.*, supra, 277 Conn. 349.

Our decision in *Greco* also undermines the persuasiveness of the principal authorities on which the opinion announcing the judgment relied. A majority of the justices in the present case ultimately concluded that the legislature intended that the thirty year limitations period in § 52-577d preempted § 52-584, despite the legislature's failure to state that intention explicitly. In

reaching this conclusion, that majority relied on two United States District Court decisions addressing the same question presented in the present case and reaching the same conclusion as the majority. See *Doe* v. *Boy Scouts of America Corp.*, supra, 323 Conn. 334–36, citing *Doe* v. *Indian Mountain School, Inc.*, 921 F. Supp. 82 (D. Conn. 1995), and *Almonte* v. *New York Medical College*, 851 F. Supp. 34 (D. Conn. 1994). Those decisions were, however, decided before our decision in *Greco*, and, thus, the court in those cases did not have the benefit of its reasoning. The holding in *Greco* clearly conflicts with the reasoning employed by the District Court, rendering the federal cases of no persuasive value. Compare *Greco* v. *United Technologies Corp.*, supra, 277 Conn. 349, with *Doe* v. *Indian Mountain School, Inc.*, supra, 83–84, and *Almonte* v. *New York Medical College*, supra, 37. Ironically, if the present case had been filed in the District Court rather than in state court, the District Court could rely solely on its prior decisions because they are in conflict with our decision in *Greco*. By relying on stale precedent from federal courts, rather than its own, more recent decisions, this court has effectively abdicated its role as the final arbiter of the meaning of Connecticut law.[4]

For the foregoing reasons, the logic in *Greco* strongly undermines the holding of the majority of justices in the present case. The majority's decision has created a conflict with our prior decision in *Greco*, and the majority's refusal to address the impact of *Greco* leaves the state of our law in question. The opinion announcing the judgment made no attempt to distinguish the principle adopted in *Greco*—indeed, it did not even cite the decision. In my view, the court would do well to at least explain why it is denying reconsideration and thus overruling, sub silentio, the principle applied in *Greco*. Accordingly, I respectfully dissent.

[1] Chief Justice Rogers authored the opinion announcing the judgment, in which Judge Sheldon concurred.

[2] Justice McDonald joined Justice Eveleigh in his concurrence and dissent.

[3] We hereinafter refer to the named defendant as the defendant.

[4] The District Court in *Almonte* acknowledged that the question it was addressing was one of first impression but nevertheless declined to certify the question to this court. See *Almonte* v. *New York Medical College*, supra, 851 F. Supp. 35 n.1. The District Court should in the future consider certifying such questions of law, as we have encouraged through our adoption of Practice Book § 82-1 et seq. Doing so will allow this court to better serve its institutional role and help to avoid unnecessary dissonance between state and federal courts in their respective applications of Connecticut law.